### TARBELL vs. GRIGGS.

Where the plaintiff brings a suit at law in a court of the United States, and obtains judgment therein, he cannot, upon the return of an execution unsatisfied, file a bill in the court of chancery of this state against his debtor, to reach the equitable rights of such debtor which are not subject to a sale upon the execution at law.

Judgments of courts of the United States in this respect stand upon no higher ground than the judgments of the courts in sister states.

THE complainant in this cause sued the defendant in the <span>April 3.</span> circuit court of the United States for the southern district of New-York, and obtained a judgment against him in that court. After the return of his execution unsatisfied, he filed his bill in this court to obtain satisfaction of his judgment out of the equitable assets and other property of the defendant which he could not discover and reach by his execution at law. The defendant demurred to the bill, and among other causes of demurrer, he objected that the return of an execution unsatisfied

in the United States court was not sufficient to entitle the complainant to come into this court for relief.

*D. D. Field,* for the complainant.

*G. C. Goddard,* for the defendant.

THE CHANCELLOR. This court is called upon to aid the complainant in the collection of a judgment obtained in one of the federal courts; and no equitable ground for the interference of this court is alleged in his bill, except the mere fact that a judgment has been recovered in that court, and that an execution issued thereon has been returned unsatisfied. The thirty eighth section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 173,) authorizes such a bill by a party in whose favor an execution at law has been returned unsatisfied. Although the language of the statute is general, it never could have been the intention of the legislature to authorize the parties to foreign judgments to come into this court, in the first instance, merely upon the return of an execution. It has been repeatedly decided that this section of the revised statutes is not introductory of a new principle, but is only in affirmance of what was considered by the court of dernier resort the legitimate jurisdiction of the court of chancery, previous to the adoption of the revised statutes. This court, upon the principle of comity, has gone so far as to compel a discovery from persons residing within its jurisdiction, in aid of the prosecution or defence of a suit pending in the court of a sister state. And I am not prepared to say it might not, upon the same principle of comity, interfere to aid the parties in the collection of a judgment of a court of the United States, or of a sister state, upon any sufficient grounds of equity appearing upon the face of the bill to show that the exercise of such a jurisdiction was necessary to prevent a failure of justice. Without intending to express a definite opinion however on that subject, I am satisfied there is not a sufficient foundation laid in this case for the exercise of the jurisdiction of this court.

1832.

Tarbell
v.
Griggs.

There is nothing in a judgment of a court of the United States to place it, in this respect, upon any higher ground than the judgments of the courts of a sister state. And the fact that the court in which this judgment was rendered was sitting within the limits of our own state, cannot give the plaintiff any better claim to this particular remedy than he would have had if the judgment had been rendered in any other state or territory of the United States.

It is not stated or even suggested by this complainant that he has not an adequate remedy, precisely of the same nature as that he is now seeking here, by an application to the equity side of the circuit court. But whether he has or not, he voluntarily sought his remedy in a court of special and limited jurisdiction, and he must now be satisfied with such measure of justice as the courts of the United States think proper to mete out to him. If the complainant had thought proper to trust his rights to the decision of the state courts in the first instance, he might have filed his bill here, upon the return of his execution unsatisfied, for the purpose of obtaining an equitable execution of the judgment. He may now have the same relief by commencing an action of debt on his judgment in the state court, and exhausting his remedy at law by execution against the property of the defendant according to the laws of the state.

Upon this first ground of objection, I am satisfied that the court ought not to take jurisdiction of this case; and it is therefore unnecessary to examine any of the other causes of demurrer assigned by the defendant. The complainant's bill must be dismissed with costs.