Lane, C. J.
The objection to the judgment is, that the process was issued against the corporation, and appears to have been served on certain individuals; and that it nowhere appears that they are officers of the institution.
There is an irregularity in the service of this writ, for which the judgment would perhaps be reversed on error. But in a suit, resting on that judgment, to which the bank as a ^corpora- [107 tion, some of the individuals on whom process was served, and some of the stockholders of the institution, are parties; all of whom acquiesce in the judgment. It seems to us that a stranger, who makes no charge of fraud or collusion, is not permitted to in* termeddle with the relation of the parties, or question the regularity of the proceedings
The ground next taken in defense is, that Taylor is protected by the statute of limitations, or that the lapse of time will, in equity, forbid a recovery of debts due at least in 1822.
This objection admits two answers:
The claim of the bank against Taylor might have been collected by an action of debt, which the statute of limitations has not yet barred; and chancery adopting the statutory time of limitation, would not hold a right of recovery extinguished.
But the transactions of 1833 seem not only to prevent the operation of the statute, but to repel any presumption arising from the lapse of time. For then, in this court, in a suit brought by Byrans against Taylor and the bank, reported in Wright, 245, the indebtedness of Taylor to the bank was found, in the course of judicial inquiry. The bank might well avail itself of this investigation, and the same benefit ought to inure to its creditor, pursuing its rights in its name.
The decree may find that the complainant is entitled to have her judgment satisfied out of any debt which Taylor may owe the bank, and the case may be referred upon the usual terms to the master, to take an account of the extent of his indebtedness.
Decree for the complainant. †

A judgment in the circuit court of the United States can not be made the foundation of a creditor’s hill in a state court. Judgments of the courts of the United States in this respect stand upon no higher ground than the judgments of the courts in sister states. Tarbell v. Griggs, 3 Paige, 207.