1842.

Dix
v.
Briggs.

</div>

---

## Dix and others *vs.* Briggs.

Two or more persons having separate judgments against the same party exceeding $100 each, who have exhausted their remedies at law, so as to authorize each to file a creditor's bill, may join in one suit ; and it is not necessary that they should file separate bills.

It seems that such judgment creditors may join in and file a creditor's bill against the debtor, where the judgment of each is less than $100, if the agregate amount due upon all the judgments exceeds that sum.

A creditor's bill cannot be filed upon the return of an execution unsatisfied, which execution has been issued against the personal property of the defendant merely ; as in the case of an execution upon a justice's judgment which has not been docketed in the clerk's office.

In pleading a right acquired under a judgment of an inferior court, of limited jurisdiction, sufficient should be stated in the pleading to show that such court had jurisdiction to render such judgment.

THIS was an application for the appointment of a re- May 17. ceiver, upon a creditor's bill. Different plaintiffs, having three judgments recovered by them respectively in a jus-

tice's court, which judgments in the aggregate amounted to more than $100, but no one of which amounted to $50 at the time of the recovery thereof, joined as complainants in this suit. The defendant's counsel insisted that different plaintiffs could not thus join in one suit for the purpose of giving this court jurisdiction of the case. Another objection to the right of the complainants to the appointment of a receiver was, that the bill was prematurely filed, before they had exhausted their remedy against the real estate of the defendant, by execution. And a further objection, raised by the defendant's counsel, was that it was not averred in the bill that the justice had jurisdiction in the suits in which the judgments in favor of the several complainants were rendered.

*S. H. Hammond,* for the complainants.

*J. Rhoades,* for the defendant.

THE CHANCELLOR. Two or more persons having separate judgments against the same party, exceeding $100 each, and whose remedies at law have been exhausted, so as to entitle each to come into this court for relief against the property of the defendant which could not be reached by their executions, may join in a creditor's suit. It is not necessary in such a case that they should file separate bills. (*Lentilhon* v. *Moffat,* 1 *Edw. Ch. Rep.* 451.) And I can see no reasonable objection to a similar joinder of complainants where the amount due upon the judgment of each is less than $100 ; provided the whole amount in controversy in the creditor's suit in this court exceeds that sum. The same result would be produced by assigning all the judgments to one of the complainants, and letting him file a bill for the recovery of the whole amount which would be thus due to him. The first objection, therefore, is not well taken.

It is a fatal objection to this suit, however, that the com-

plainants have not exhausted their remedies at law against the property of the defendant. The executions which were issued by the justice, and directed to a constable, were against his personal property merely. And to complete the remedy, the complainants should have docketed their several judgments in the county clerk's office, and have taken out executions there, so as to reach the real as well as the personal property of the defendant, if he had any in the county. (2 R. S. 248, § 128. *Idem,* 254, § 165, 167.) The statute does not authorize the filing of a creditor's bill upon the return of an execution unsatisfied, which execution has been issued only against a part of the defendant's property, where the complainants might have taken out their executions against the whole, if they had filed the transcripts of their judgments with the county clerk. Upon this ground the motion for a receiver must be denied. And it is unnecessary, therefore, to inquire whether there is sufficient stated in the bill to show that the justices had jurisdiction to render the judgments as therein charged. The general rule unquestionably is, that in pleading a right acquired under the judgment of an inferior court, of limited jurisdiction, sufficient should be stated to show that such court had jurisdiction to render such judgment.

<div align="center">Motion denied with costs.</div>