ZECHARIE & KERR vs. WILLIAM H. BOWERS.

A court of chancery has no jurisdiction of a suit where all the parties, plaintiffs and defendants, are non-residents.

A bill was filed by a non-resident plaintiff to subject the lands lying in this State of a non-resident defendant, to the payment of a debt due the non-resident plaintiff, not yet reduced to judgment in this State—held, that the court of chancery has no jurisdiction of the case.

*Sed aliter* : if there had been a home defendant in the possession of the land, or if there had been a judgment at law in this State.

AN appeal from the decree of the superior court of chancery.

Zecharie & Kerr exhibited their bill before the chancellor, against William H. Bowers; all being non-residents of the State. The complainants averred that on the fourth of March, A. D. 1841, they had recovered a judgment against the defendant in the commercial court of New Orleans, in the State of Louisiania, for thirty-four hundred and thirteen dollars and thirty-two cents, besides interest and cost of suit. A copy of the record of judgment was made an exhibit to the bill. They averred that the defendant owned several tracts of land which they specifically described, in this State, and they prayed that the lands might be sold to discharge their debt, and for other relief.

An order of publication was granted, and proof of publication filed, and *pro confesso* taken, at the January term, 1842.

On the 28th of February, A. D. 1842, the cause was submitted for final hearing, when the chancellor decreed that the *pro confesso* be set aside and the bill dismissed.

From which decree this appeal was prosecuted.

*W. R. Miles*, for appellants.

In this cause a bill was filed by complainants, who are citizens of Louisiana, against the defendant, who is a citizen of Virginia, to enforce the payment of a judgment rendered in the commercial court of New Orleans.

Although the judgment thus rendered does not possess the force and efficacy of a judgment rendered in this State, so as to make it a subsisting lien upon defendant's property ; yet it is a judicial ascertainment of complainant's rights, which this court should make available, in an attempt to collect the sum for which it was rendered.

There is no remedy at law by which complainants' right may be enforced. To sue Bowers and obtain judgment against him in Virginia, would place them in no better condition than they now occupy. For a judgment in Louisiana, has the same force in this State, as would a judgment in Virginia. He cannot be sued in a court of law in this State in the ordinary form, because no process can be executed upon him. Nor does the attachment law afford any remedy, all the parties being non-residents. H. & H. Dig. 550, § 16.

Complainants therefore have no legal remedy for an unquestioned right. Thus circumstanced they appeal to a court of equity for a remedy commensurate with their rights.

When the principles by which the ordinary courts are guided give a right, but the powers of those courts are insufficient to give a complaint its remedy, equity will take jurisdiction and give relief.

Thus we find it laid down that equity has jurisdiction in cases of rights recognized and protected by the municipal jurisprudence, when a plain, adequate, and complete remedy cannot be had in the courts of common law. Story's Com. on Eq. Jur. 32. Cooper's Eq. Pl. 120. Mit. Eq. Pl. 112. 10 Johns. Rep. 587—95. 17 Johns. Rep. 384. Much more should equity take jurisdiction and grant relief where no remedy can be had in the courts of common law.

The supreme court of Virginia, in a case not altogether unlike this, dismissed the complainant's bill; but upon the ground that the defendant had no property in that State. 4 Hen. & Munf. Rep. 413–14. The inevitable deduction from the opinion of the court is, that had the defendant owned property within the State, the bill would have been sustained, and the relief prayed for granted. In this case the defendant does own property in

this State,. and the bill should therefore be sustained, and the relief asked for given.

Chancellor Walworth, in a case where the facts were almost identical with those in the case at bar, held that equity had jurisdiction.   3 Paige's Rep. 207–8.

It is therefore respectfully insisted that the chancellor's decree, dismissing the bill of complainants is erroneous, and should be reversed.

No counsel appeared for appellee.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a bill filed by the complainants, to subject a tract of land, belonging to the defendant, to the payment of a debt alledged to be due to them.   All the parties, complainants and defendant, are non-residents.   Judgment has been rendered upon the claim in Louisiana ; but we throw that circumstance out of view, as having no influence upon the decision to be made. *Tarbell* v. *Griggs*, 3 Paige, 207.   *McElmoyle, use, &c.* v. *Cohen, administrator*, 13 Peters, 312.   There was an order of publication in the chancery court, and a decree *pro corfesso* entered, which, however, was afterwards set aside, and the bill dismissed.   The ground of dismission was the want of jurisdiction, the chancellor being of opinion that his court had no jurisdiction over the person of the defendant, and none over the land sought to be subjected, unless there had been a previous judgment at law in this State.

Apart from any legislative enactment, this view was certainly correct.   By the recognized principles and rules of proceeding in the English chancery court, this case would be beyond the sphere of jurisdiction.   But it is to be considered whether we have not a statute which produces a change in this respect.   By the sixty-third section of the law in regard to the superior court of chancery, a mode of proceeding is prescribed, which, in our opinion, embraces this case.   H. & H. 520.   The language of the act is, "if any suit which hath been, or hereafter shall be commenced, for relief in equity, in the superior court of chan-

Kerr *v.* Bowers.

cery, against any defendant or defendants, who are out of this State, and others within the same, having in their hands effects of, or otherwise indebted to, such absent defendant or defendants, *or against any such absent defendant or defendants having lands or tenements within the State ;*" then a certain defined course shall be pursued to obtain a decree in the one instance against the home defendants and the personal estate, and in the other to subject the land to the payment of the debt.   This, like many other of the earlier statutes of this State, was copied literally from a Virginia act.   In that State it seems to be settled, that the court of chancery has jurisdiction in a case like this. *Kelso* v. *Blackburn*, 3 Leigh, 299.   The history of the act in that State, is briefly this.   In the year 1744, just one century ago, the first statute, which authorized proceedings in chancery against absent debtors, was passed.   That statute, however, only gave a remedy in equity against a defendant residing out of the State, when there was another within the State, "having in his hands effects of, or otherwise indebted to, such absent defendant."   Thus the law continued until 1819, when an amendment was made, introducing the words inserted above in italics, and extending the provision so as to make it include absent defendants, "*having lands and tenements within the State.*" 3 Leigh, 306.   Since that period there has been no doubt, in that State, of the jurisdiction of the court in such case.

We have been referred to two cases, as standing opposed to this conclusion : *Bustard* v. *Dabney*, 4 Ham. Ohio Rep., and *Austin* v. *Bodley*, 4 Mon.   Neither of the bills in these cases seems to have been filed with reference to a statute, like the one on which we have been commenting.   In the Ohio case, the bill was dismissed because the complainant, it was said, had an ample remedy at law, with a distinct intimation that jurisdiction would have been entertained but for that circumstance.   In the other case, which was from Kentucky, the bill was dismissed, because it was filed in the circuit court of a county in which the land did not lie.   In giving the opinion, the court remarks, " there being, therefore, no person within the county

upon whom process could be served, and no part of the land possessed by the appellants being in that county, there cannot be said to be a cause of action within that circuit over which the court could take jurisdiction." 4 Mon. 439. It may be safely concluded, that neither of these cases touches the point here involved.

Upon another branch of this statute, in a case in which there was a home defendant, as well as absent defendants, we had occasion, very recently, to give our opinion. *Comstock* et al. v. *Rayford* et al. *supra*, 423. Many of the principles there laid down, especially those in regard to the debt, and the evidence of the parties, are equally applicable to this case. The jurisdiction was there sustained.

The bill in this case was not framed to meet the requisitions of the statute ; and in the brief on which it was submitted, it is assumed by the counsel for the appellants, that there is no statute which embraces such a case. In consequence of this view, the allegations of the bill fall short of those which are requisite under the statute. 2 Rob. Pr. 203. 3 Leigh, 306. These imperfections, however, are the subject of amendment.

. But while we think that the chancery court, under a proper state of case, would have had jurisdiction, yet, in this particular instance, the decree is correct in dismissing the bill. The complainants brought their case to a hearing, upon a *pro confesso* order, and sought to sustain it upon proof of publication in a newspaper alone. The statute requires, in express terms, that " there shall be a copy of the order posted at the front door of the court," besides a publication in some public newspaper. It is the uniform and unbroken course of decision, that, under all statutes which authorize the substitution of some other means for personal service of process, as a foundation for the jurisdiction of the court, the most exact compliance with those requisitions will be inforced. Unless such compliance be shown affirmatively, the proceeding will not be sustained. See *Gwin* v. *McCarroll*, Opinion book B. *supra*, 351.

For the failure in this particular, the decree dismissing the

bill without prejudice, will be affirmed.   We have gone more at length into the doctrine on this subject than we otherwise should, because it is a case of first impression in our court, and it is important that the principles which govern the practice should be understood.

*Decree affirmed.*