Mr. Justice Clayton
delivered the opinion of the Court.
This was a bill filed by the complainants, to subject a tract of land, belonging to the defendant, to the payment of a debt alleged to be due to them. All the parties, complainants and defendant, are non-residents. Judgment has been rendered upon the claim in .Louisiana; but we throw that circumstance out of view, as having no influence upon the decision to be made. Tarbell v. Griggs, 3 Paige, 207; McElmoyle, use, &c. v. Cohen, administrator, 13 Peters, 312. There was an order of publication in the Chancery Court, and a decree pro confesso entered, which, however, was afterwards set aside, and the bill dismissed. The ground of dismission was the want of jurisdiction, the Chancellor being of opinion that his Court had no jurisdiction over the person of the defendant, and none over the land sought to be subjected, unless there had been a previous judgment of law in this State.
Apart from any legislative enactment, this view was certainly correct. By the recognized principles and rules of proceeding in the English Chancery Court, this case would be beyond the sphere of jurisdiction. But it is to be considered, whether we have no* a statute which produces a change in this, respect. By the sixty-third section of the law in regard to the Superior Court of Chancery, a mode of proceeding is prescribed, which, in our opinion, embraces *644 this case. H. & H. 520. The language of the act is, “ If any suit which hath been, or hereafter shall be commenced, for relief in equity, in the Superior Court of Chancery, against any defendant or defendants, who are out of this State, and others within the same, having in their hands effects of, or otherwise indebted to, such absent defendant or defendants, or against any such absent defendant or defendants having lands or tenements within the State,” then a certain defined course shall be pursued, to obtain a decree ; in the one instance, against the home defendants and the personal estate, and in the other, to subject the land to the payment of the debt. This, like many other of the earlier statutes of this State, was copied literally from a Virginia act. In that State it seems to be settled, that the Court of Chancery has jurisdiction in a case like this. Kelso v. Blackburn, 3 Leigh, 299. The history of the act in that State, is briefly this. In the year 1744, just one century ago, the first statute, which authorized proceedings in chancery against absent debtors, was passed. That statute, however, only gave a remedy in equity against a defendant residing out of the State, when there was another within the State, “ having in his hands effects of, or otherwise indebted to, such absent defendant.” Thus the law continued until 1819,. when an amendment was made, introducing the words inserted above in italics, and extending the provision so as to make it include absent defendants, “ having lands and tenements within the Stale.” 3 Leigh, 306. Since that period, there has been no doubt, in that State, of» the jurisdiction of,the Court in such case.
We have been referred to two cases, as standing opposed to this conclusion, Bustard v. Dabney, 4 Ham. Ohio Rep. 68, and Austin v. Bodley, 4 Mon. 434. Neither of the bills in these cases seems to have been filed with reference to a statute like the one on which we have been commenting. In the Ohio case, the bill was dismissed because the complainant, it was said, had an ample remedy at law, with a distinct intimation that jurisdiction would have been entertained but for that circumstance. In the other case, which was from Kentucky, the bill was dismissed because it was filed in the Circuit Court of a county in which the land did not lie. In giving *645 the opinion, the Court remarks, “ there being, therefore, no person within the county, upon whom the process could be served, and no part of the land possessed by the appellants being in that county, there cannot be said to be a cause of action within that circuit, over which the Court could take jurisdiction.” 4 Mon. 439. It may be safely concluded, that neither of these cases touches the point here involved.
Upon another branch of this statute, in a case in which there was-a home defendant, as well as absent defendants, we had occasion,' very recently, to give our opinion. Comstock, et al. v. Rayford, et al. 1 S. & M. 423. Many of the principles there laid down, especially those in regard to the debt, and the evidence of the parties, are equally applicable to this cáse. The jurisdiction was there sustained.
The bill in this case was not framed to meet the requisitions of the statute ; and in the brief on which it was submitted, it is assumed by the counsel for the appellants', that there is no statute which embraces such a case. In consequence of this view, the allegations of tho bill fall short of those which are requisite under the statute. 2 Rob. Pr. 203 ; 3 Leigh, 306. These imperfections, however, are the subject of amendment.
But while we think that the Chancery Court, under a proper state of case, would have had jurisdiction, yet, in this particular instance, the decree is correct in dismissing the bill.' The complainants brought their case to a hearing, upon a pro confesso order, and sought to sustain it upon proof of publication in a newspaper alone. The statute requires, in express terms, that tc there shall be a copy of the order posted at the front door of the Court,” besides a publication in some public newspaper. It is the uniform and unbroken course of decision, that .under all statutes which authorize the substitution of some other means for personal service of process, as a foundation for the jurisdiction of the Court, the most exact compliance with those requisitions will be enforced. Unless such compliance be shown affirmatively, the proceeding will not be sustained. See Gwin v. McCarroll, 1 Smedes & Marshall, 351.
*646 For the failure in this particular, the decree, dismissing the bill without prejudice, will be affirmed. We have gone more at length into the doctrine on this subject, than we otherwise should, because it is a case of first impression in our Court, and it is important that the principles which govern the practice should be understood.
Decree affirmed.
Note by the Reporters. — The foregoing case of Zecharie & Kerr v. Bowers, is republished from 1 Smedes & Marshall’s Reports, 584, where a report of the ease will likewise be found. This republication is made because the opinion of the Court was, by some strange oversight, entirely misconceived in the syllabus prepared for the case, and the Court made to decide the very opposite of what in fact was their decision. The case in the first report is so totally misstated, that the error could only be rectified by a report of the entire caáe.