Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery, to attach a debt due from Hardaway, originally to Ferriday & Co., but by them assigned to Milton, and by him to Berryman. The bill was filed in September, 1844, to obtain satisfaction of a debt due from Young & Milton to complainants, by subjecting the debt of Hardaway, assigned as aforesaid. The complainants, as well as the defendants, Berryman, Young & Milton, are all non-residents. The assignment was made in March, 1843. To enable the complainants to succeed, they must establish the allegation contained in their bill, “that the assignment to Berryman was a cloak to hide the debt for Milton, and that it really belongs to Milton.” In this we think the complainants have failed. The answer of Berryman, which we regard as part of the record, in accordance with the agreement of the counsel of complainant, asserts that the assignment was made bona fide, with the intention of securing him as indorser, and of securing the payment of other debts. No proof has been taken to contradict that answer, and it must therefore prevail, being directly responsive to the bill.
But it is urged that the record fails to show, that any responsibility rests upon Berryman as indorser. This bill was not filed for any general settlement of accounts, among all the parties, to ascertain whether any, and what degree of indebtedness exists. Its only allegation is as to the fraud in the assignment, but it is attempted to establish the fraud, by going into all the numerous transactions between the parties where they reside, in Kentucky. ■ It would be very inconvenient to enter into such inquiry in this state, upon a bill filed with no such object in view, and upon proof taken for no such purpose, referring to it only collaterally, and tending to show that the deed of trust *75 made in Kentucky, was fraudulent, that the debts provided for by it were paid, and that Berryman was in no danger of loss, as indorser.
But it is said that one of the debts secured by the deed of trust, was due to Young, the partner of Milton, and that he being a joint debtor to complainants, and having thus an interest in this fund, the attachment should hold it. We do not see the applicability of this reasoning. The debt of Young may be one of those that are fully paid, by the sales of the trust property. Nearly all the debts mentioned in the deed of trust have been paid. If the complainants sought to hold this fund by reason of the non-payment of the debt due to Young, they should have shown by proof, that it was still a subsisting, and not a discharged debt.
The deed of trust executed in Kentucky, upon property within that state, and which has been sold in accordance with its provisions, is next ‘attacked, as fraudulent upon its face, in order to induce the court to treat this debt as that of Milton, without regard to the conveyance by him. All. this is collateral; but still if we are to decide upon it, it must be by those rules which would govern, if this were a bill filed directly to impeach it. No one but a judgment creditor could file such bill. These complainants have no judgment in this state, and their judgment in Kentucky cannot be available for such purpose. See Zecharie v. Bowers, 3 S. & M. 641; Tarbell v. Griggs, 3 Paige, 207.
There was nothing in the cause to contradict the answer of Berryman. The assignment to cover his contingent liability.as indorser, was valid, and should be supported until the complainants could show, that the contingency was at an end, and that no liability rested upon him. The admission in the answer, that by possibility the whole debts might be paid from the trust property, without a resort to this fund, was made in a spirit of candor and fairness. But this admission ought not to take away from him the security of the assignment, until the certainty was ascertained, or a reasonable time had been allowed for the purpose.
The complainants having failed to make out their case, the decree must be reversed, and the bill dismissed.