THEODORE M. DAVIS, as Receiver of the Ocean National Bank of the City of New York, Appellant, v. WILLIAM D. BRUNS, LENA KATRINA BRUNS, FREDERICK TROPE, ANNIE R. TROPE and HENRY LEFEVRE, Respondents.

*Action by a judgment creditor to set aside a conveyance as fraudulent — it cannot be maintained unless a judgment has been recovered in the courts of this State.*

The plaintiff having recovered a judgment against the defendant Wm. D. Bruns in the District Court of the United States for the southern district of New York, and having had an execution, issued thereon to the United States marshal, returned unsatisfied, brought this action to have certain voluntary conveyances of real estate made by the said Bruns set aside as fraudulent and void as against him.

*Held,* that as the plaintiff had not exhausted his remedy at law by the recovery of a judgment against the defendant in one of the courts of this State, and the return unsatisfied of an execution issued upon it, the action could not be maintained.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at Special Term.

*Southerland D. Smith*, for the appellant.

*George B. Ely*, for the respondents.

BARRETT, J.:

This action was brought to set aside certain voluntary conveyances of real estate alleged to have been made in fraud of the plaintiff as a creditor of the defendant William D. Bruns. It was founded upon judgments at law recovered by the plaintiff against Bruns in the District Court of the United States for the southern district of New York, upon which executions were issued to the United States marshal and returned "*nulla bona.*" The complaint was dismissed upon the specific ground that the remedy at law had not been exhausted. The correctness of that ruling is the main question presented by this appeal. It was held in *Tarbell* v. *Griggs* (3 Paige, 207) that judgments of the courts of the United States stand upon no higher grounds with regard to creditors' bills than the judgments of courts of sister States. The bill in that case was dismissed for the reason that the remedy at law had not been exhausted according to the laws of this State, namely, by the recovery of judgment in one of its courts and the return of an execution thereon unsatisfied. This case has never been overruled nor, so far as we can ascertain, questioned. It is referred to, with approval, in *Tompkins* v. *Purcell* (12 Hun, 662), and without disapproval in *McCartney* v. *Bostwick* (32 N. Y., 53). It seems to be decisive of this case. It is true that it was a strict creditors' bill, while the present action is brought to set aside certain conveyances alleged to be fraudulent. But that the legal remedy should first be exhausted is just as essential in the one case as in the other.

This is not an action to remove a fraudulent obstruction to process. In that class of cases the bill may, of course, be filed while the execution is outstanding in the hands of the proper officer. Here the allegation is that the execution upon the judgment of the Federal court has been returned unsatisfied. Nor is the case within

the principle of *McCartney* v. *Bostwick* (*supra*). That action was to enforce in favor of creditors a statutory trust against the grantee of lands, purchased with the debtor's means.

Judgment had been recovered against the debtor in a court of the State of Minnesota, and execution thereon had been returned unsatisfied. It appeared that the debtor was a resident of Minnesota and had no property within this State. Upon this the court held that the creditor had no remedy at law here, for the reason that none of our courts could acquire ·jurisdiction over the debtor, and consequently it was impossible for the creditor to recover a judgment at law in this State. The decision was placed upon this ground, and the rule as to the sufficiency of a foreign judgment and execution thereon returned *nulla bona*, limited to the case of a pure trust where the statute does not explicitly require the return of an execution unsatisfied, and where a recovery at law in our courts upon the foreign judgment is a matter of impossibility. "Since, then," said DAVIS, J., "no statute controls it, as in ordinary creditors' bills, and no action or legal proceeding whatever can be brought in this State, either upon the original debt or the judgment; the court must look at the facts stated, to ascertain if all remedy at law has not been exhausted. In this view of the case there was a remedy at law against the debtor; but where? only in the courts of a sister State, and that is shown to have been followed to its ultimate results. Conceding it must also be repeated here in a case where it may be, yet when that is shown to be impossible under our law it inevitably follows that the law is exhausted. Our law is not, therefore, subject to the reproach of creating by statute a trust for foreign creditors in property within our State, yet withholding from them all power of reaching and applying it."

PORTER, J., declared that a case was simply presented "for the exercise of the original jurisdiction of a court of equity *in enforcing a trust declared by law*," and while placing his judgment upon substantially the same ground as that of DAVIS, J., observed that, the case being one of pure trust, he was "not prepared to say that the action might not have been maintained *without recourse, in the first instance, to all attainable legal remedies* against the principal debtor."

We feel bound, therefore, upon authority and without expressing

any opinion upon the question as an original one, to uphold the ruling of the Special Term, and to affirm its judgment, with costs.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed, with costs.