THE ROCKY MOUNTAIN NATIONAL BANK OF CENTRAL CITY, Appellant, *v.* GEORGE BLISS, Respondent.

Under the provision of the General Manufacturing Act (§ 24, chap. 40, Laws of 1848), requiring as a condition precedent to the bringing of an action against a stockholder of a corporation organized under that act, to enforce his liability to a creditor of the corporation, imposed by the act (§ 10), that judgment shall be recovered against the corporation, and execution issued and returned unsatisfied, a proceeding *in rem* affecting only property of the corporation attached, and execution against that property is not a compliance with the condition.

The recovery of a judgment and issuing of execution in another State is not a compliance with said condition; it requires a judgment in and execution issued out of a court of this State.

(Argued May 1, 1882; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 27, 1881, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought by plaintiff, a creditor of the Ophir Gold Mining Company, a corporation organized under the General Manufacturing Act (Chap. 40, Laws of 1848), to enforce the liability imposed by said act (§ 10), when the whole amount of capital stock has not been paid in.

Plaintiff proved a judgment in its favor, rendered in the District Court of Colorado, in proceedings there commenced by attachment of the property of the company as a non-resident corporation; the issuing of execution, sale of the attached prop-

erty for an amount insufficient to pay the judgment, and return of the execution unsatisfied as to the balance.

*Joshua M. Van Cott* for appellant. Plaintiff, having proved that a certificate had never been filed, that the capital stock had been paid in, established defendant's liability for the debts in question. (Laws of 1848, chap. 40, §§ 1011–24; *Aspinwall* v. *Sacchi*, 57 N. Y. 335; *Chase* v. *Lord*, 77 id. 7.) The court in Colorado acquired jurisdiction against the corporation, to render a personal judgment, by the due personal service of its process upon its general agent and superintendent there, who had contracted the debt in the course of its mining business there, of which he was in chief charge. (*Hill* v. *Spencer*, 61 N. Y. 274; *Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 404, 407–408; *Gibbs* v. *Queens Ins. Co.*, 63 N. Y. 114; *Hiller* v. *Burlington & M. R. Co.*, 70 id. 224; *Prouty* v. *M. S. R. Co.*, 4 T. & C. 230; *Barnet* v. *C. & L. R. R. Co.*, 4 Hun, 114; *Hayden* v. *Androscoggin Mill*, 1 Fed. Rep. 93, 6; *Wilson Packing Co.* v. *Hunter*, 7 Reporter, 455; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Ex parte Schollenberger*, 96 U. S. 368; *Moch* v. *Virginia Ins. Co.*, 10 Fed. Rep. 696.) Its judgment is entitled to full faith and credit in the courts of New York, under the Constitution and laws of the United States. (Wharton on Confl. of Laws, §§ 804, 810; Freeman on Judgments, § 221.) The requirement of the twenty-fourth section of the act of 1848 was satisfied, as to the remedy against a continuing stockholder, without the return of an execution on the Colorado judgment in whole or in part unsatisfied. (*Shellington* v. *Howland*, 67 Barb. 18; 53 N. Y. 371; *Handy* v. *Draper*, 23 Hun, 256.) The special award of execution against the attached property did not make the judgment less than a general personal judgment for the debt. (*Suydam* v. *Barber*, 18 N. Y. 47; *Darlington* v. *The Mayor*, 31 id. 192; *Patterson* v. *Perry*, 5 Bosw. 528; *Lynch* v. *Crary*, 52 N. Y. 184; *Maher* v. *Carman*, 38 id. 25; *Pope* v. *Cole*, 55 id. 124; *Produce Bk.* v. *Morton*, 67 id. 199; *Shellington* v. *Howland*, 53 id. 371;

*Kincaid* v. *Dwinelle*, 59 id. 548.) The act of 1848 does not restrict the remedies of creditors against corporations and stockholders to the courts of this State. (Constitution, art. 8, §§ 1, 2, 3; *Chase* v. *Lord*, 77 N. Y. 24; 52 id. 207; 63 id. 425; *Robinson* v. *National Bk. of New Berne*, 81 id. 389; *Merrick* v. *Van Santvoord*, 34 id. 208, 212, 220; *Christian Union* v. *Soinet*, 9 Reporter, 607; *Wilson Packing Co.* v. *Hunter*, 7 id. 455; *Hayden* v. *Androscoggin Mills*, 1 Fed. Rep. 93, 6; *Moch* v. *Virginia F. Ins. Co.*, 10 id. 696; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Ex parte Schollenberger*, 96 U. S. 368; *Brownell* v. *T. & B. R. Co.*, 10 Reporter, 621; *Dennick* v. *R. R. Co.*, 103 U. S. 11; *Leonard* v. *Columbia St. Nav. Co.*, 11 Reporter, 505.) There is nothing in the act of 1848 which requires the stockholder to be sued in this State. Under the general law a debtor stockholder may be sued wherever he can be found. (*Lowry* v. *Inman*, 46 N. Y. 125; *Corning* v. *McCullough*, 1 Comst. 47; *Hawthorne* v. *Calef*, 2 Wall. 10; *Ex parte Van Riper*, 20 Wend. 16; *Griffith* v. *Mangam*, 73 N. Y. 611; *Merrick* v. *Van Santvoord*, 34 id. 218; *Cuykendale* v. *Miles*, 10 Fed. Rep. 342; *Flash* v. *Comm.*, 16 Fla. 428.)

*Edmund Randolph Robinson* for respondent. To render a stockholder liable for a debt of a corporation there must have been a failure to file a certificate as required, the bringing of a suit within a year from the time the debt became due, recovery of judgment and issue of execution thereon, and return thereof unsatisfied in whole or in part. (Potter on Corporations, 913, 925, 927; *Halsey* v. *McLean*, 12 Allen [Mass.], 438; *Lindsley* v. *Simonds*, 2 Abb. Pr. [N. S.] 69; *Kincaid* v. *Dwinelle*, 59 N. Y. 613; *Strong* v. *Wheaton*, 38 Barb. 618; *Dean* v. *Mace*, 19 Hun, 391; *Merritt* v. *Read*, and *Agate* v. *Edgar*, unreported decisions of the General Term of the Court of Common Pleas.) The provisions of the statute in question, imposing, as they do, personal liabilities upon the members of a business corporation, are penal in their character, should be construed strictly, and not extended by limitations. (*Bk. of Au-*

*gusta* v. *Earl*, 13 Peters, 587 ; *Halsey* v. *McLean*, 12 Allen [Mass.], 438 ; *Gray* v. *Coffin*, 9 Cush. 192 ; *Dane* v. *Manufacturing Co.*, 14 Gray, 489 ; *Shaw* v. *Boylan*, 16 Ind. 384 ; *Cuble* v. *McCune*, 26 Mo. 371 ; *Bank* v. *Hendrickson*, 6 Reporter 212 ; *Esmond* v. *Bullard*, 16 Hun, 65 ; *Losee* v. *Bullard*, 7 N. Y. Weekly Dig. 515 ; *Garrison* v. *Howe*, 17 N. Y. 464 ; *Birmingham Bk.* v. *Mosser*, 21 Supr. Ct. 605 ; *Boynton* v. *Hatch*, 47 N. Y. 225 ; *Schenck* v. *Andrews*, 57 id. 133, 143 ; *Boynton* v. *Andrews*, 63 id. 93 ; *Jagger Co.* v. *Walker*, 43 Supr. Ct. 275.) A judgment, without the debtor's appearance, is of no force against other property, or for other purposes. In other words, it is not a personal judgment, but is only good and valid for the purpose of subjecting to sale any estate of the debtor seized by attachment within the jurisdiction. ( *Woodruff* v. *Taylor*, 20 Vt. 65 ; *Megee* v. *Beirne*, 3 Wright [Penn.], 50 ; *Kilburn* v. *Woodworth*, 5 Johns. 37 ; *Pawling* v. *Wilson*, 13 id. 192 ; *Dobson* v. *Pearce*, 12 N. Y. 164 ; *Hand* v. *Shipman*, 6 Barb. 621 ; *Brewster* v. *The Michigan Central R. R. Co.*, 5 How. Pr. 187 ; *Starbuck* v. *Murray*, 5 Wend. 148.) The judgment in Colorado was one *in rem*, and imposed no personal liability. (*Hulbert* v. *Hope Ins. Co.*, 4 How. Pr. 275 ; *Brewster* v. *Mich. R. R. Co.*, 5 id. 183 ; *Merrick* v. *Van Santvoord*, 34 N. Y. 208 ; *Howell* v. *C. & N. W. R. R. Co.*, 51 Barb. 378.) Even if the judgment could be treated as a general judgment, it is not a performance of the condition precedent required by the statute, as it was not recovered in any court of the State of New York. (*Dean* v. *Mace*, 19 Hun, 391 ; Daily Register, March 11, 1881 ; 2 R. S. 463, § 36 [Edm. ed. 483] ; id. 173, § 38, p. 180 ; *Child* v. *Brace*, 4 Paige, 310 ; *Merchants' Bk.* v. *Griffith*, 10 id. 519 ; *Crippen* v. *Hudson*, 13 N. Y. 161 ; *Coe* v. *Whitbeck*, 11 Paige, 42 ; *Dix* v. *Briggs*, 9 id. 595 ; *Tarbell* v. *Griggs*, 3 id. 207 ; *Davis* v. *Bruns*, 23 Hun, 648 ; *Corey* v. *Cornelius*, 1 Barb. Ch. 571, 579 ; *Thomas* v. *Merchants' Bk.*, 9 Paige, 215.) The so-called execution was insufficient because it was by its express terms a special execution issued only against a part of the property of the Ophir Gold

Mining Company, and was not even exhausted as to the part against which it was issued. (*Dix* v. *Briggs*, 9 Paige, 595; *Child* v. *Brace*, 4 id. 310; *Merchants' Bk.* v. *Griffith*, 10 id. 519; *Crippen* v. *Hudson*, 13 N. Y. 161.)

RAPALLO, J. The twenty-fourth section of the General Manufacturing Law of 1848 (Chap. 40) has been construed in the case of *Handy* v. *Draper** decided at the present term, and it is there held that the return of an execution unsatisfied against the corporation is a condition precedent to the right of a creditor to bring an action against a stockholder, and that this condition applies to the case of a continuing stockholder as well as to that of one who has ceased to be such.

The proceeding against the company in Colorado was not a compliance with this condition. It was a proceeding *in rem*, which affected only the property there attached, and the execution issued was only against that specific property. (*Dix* v. *Briggs*, 9 Paige, 595; *Crippen* v. *Hudson*, 13 N. Y. 161; *Thomas* v. *Merchants' Bank*, 9 Paige, 216.) But, in addition to that objection, we think that the statute requires the recovery of a judgment and the issue of an execution in this State. In requiring the creditor to exhaust his legal remedies against the corporation, before resorting to the personal liability of the stockholders, the statute could not have contemplated that the recovery of a judgment and issue of an execution against the company in any State of the Union should be a compliance with the condition. The legal remedies afforded by the courts of this State, where the corporation was created and is domiciled, are those which the legislature must be deemed to have intended. Such is the construction given to a similar provision in respect to creditors' bills, and although the cases are not precisely the same, we think that they strongly confirm the view that when a statute of this State requires, as a condition precedent to further proceedings in its courts, that an execution against the property shall first have been issued, it means that such execution shall have been issued out of a court of this

* *Ante*, p. 334.

State of general jurisdiction.  (*Tarbell* v. *Griggs,* 3 Paige, 207; *Dix* v. *Briggs, supra ; Crippen* v. *Hudson, supra.*)

The judgment should be affirmed.

All concur.

Judgment affirmed.