Larremore, C. J.
The plaintiff was an employee of the American Opera Company (Limited), a corporation organized under chapter 611 of the Laws of 1875. She brings this action against defendant, seeking to hold him liable in the amount of a debt owed her by said company for services rendered' to it, on the ground that defendant was a *137 stockholder at the time of the contraction of such debt, and that the whole of his subscription for such has not been paid, and that the whole of said capital stock has not been paid in. It appears from the complaint that plaintiff has obtained a judgment against said company for the amount of her said claim, but it does not appear that execution has been issued upon said judgment. The defendant accordingly demurred to said complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. I agree with defendant’s counsel in his contention. In the recent case of Richards v. Coe at the special term of the city court (one of a group of cases to which the present action belongs) Chief Justice Me Ad am rendered the following opinion:
Demurrer by Defendant to Plaintiff’s Complaint.
McAdam, Ch. J.
The plaintiff seeks to hold the defendant as a stockholder of the American Opera Company, a corporation, created under the act of 1875 (chap. 611), upon two grounds (1) because there is a balance due on his original subscription for stock, and (2) because the whole amount of capital stock fixed by the company has not been paid in.
As the consequences in either case are the same, the action will be treated, as one to hold the defendant for the unpaid subscription. The plaintiff is an ordinary contract creditor of the corporation, and the objection urged is that the action cannot be maintained because the plaintiff’s remedy against the corporation has not been exhausted. The rule undoubtedly is, that corporate creditors, before they can proceed against the stockholders, must first recover a judgment against the corporation, issue an execution thereon, which if returned unsatisfied gives them a status in court. This is based upon the principle that the liability of the shareholder is not the primary resource of corporate creditors, and is not, therefore, to be resorted to if the assets of the corporation will suffice to pay the debts, and the sheriff’s return is made the test in determining this queston. Cook on Stockholders, §§ 200, 221.
The plaintiff claims that this rule has no application to a corporation created under the act of 1875, because the only condition imposed to proceedings-against the stockholder directly is contained in these words- “No execution shall issue against any stockholder individually until execution has been issued against the corporation and returned unsatisfied." Section 37. But this section must be read and applied in connection with every other section of the act. All must have their due and conjoint effect. Each must be so far qualified and limited by each other as that all may have operation in harmony, and each must be kept in subservience to the general intent of the whole enactment. Ansonia B. and C. Co. v. New L. C. Co., 53 N. Y., 125.
Section 25 provides that “ no stockholder shall be personally liable * * ** unless an action for the collection of the debt shall be brought against such corporation within two years after the debt shall become due. The two sections construed together are equivalent to the provisions of section 24 of the manufacturing act of 1848 (chap. 40), and must bear the same interpretation. Under the act just referred to a judgment and execution returned unsatisfied have always been held to be necessary prerequisites to the maintenance of an action against the stockholder, which will not be dispensed with even by an allegation of insolvency. Lindsley v. Simonds, 2 Abb. Pr. [N. S.], 69; Rocky M. N. Bank v. Bliss, 89 N. Y., 338.
The plaintiff’s contention that he may proceed against the corporation and the stockholder by separate actions, pari passu, and that the only effect of section 37 is to stay execution in the action against the stockholders until the- • execution against the company has been returned, is certainly anomalous and might lead to strange results if held to be correct.
*138 Suppose the creditor recovered a judgment against the stockholder, but never recovered any judgment against the company, how would the creditor (stockholder) get rid of the judgment obtained against him? True, the creditor, under the plaintiff’s construction of section 37, could never issue execution upon it, but it would nevertheless remain a cloud against the defendant’s credit and a lien on his real estate, which could only be discharged by payment. Surely, the statute never contemplated nor intended such a possibility, and yet the construction claimed by the plaintiff might lead to just such a result. In “full” liability companies, created under the act of 1875, the stockholders may be joined as defendants with the corporation in any action against the company for any of its debts and liabilities (section 34). The intention of the legislature was to put stockholders in limited liability companies on a more favorable footing, and yet the construction urged by the plaintiff would, if adopted, subject the several stockholders and corporations to separate suits for the same debt at the same time; and though the corporation itself might be solvent and able to meet all its obligations from the corporate treasury. These litigations, and the costs incidental to them, might be multiplied to an indefinite extent. The policy of the law is against needless litigation, and the act of 1875, was designed to furnish a more orderly method of pro■cedure. It intended that in “limited” liability companies, the primary liability of the corporation should first be exhausted before the creditor concerned himself about unpaid subscriptions to the stock. Credit is given to the corporation, and it is the natural order of business that creditors are to be paid from funds in the corporate treasury. After they have exhausted all legal measures against the corporation and failed to collect from it, the creditors may then prosecute delinquent stockholders and others for all or any of the statutory penalties they have incurred in failing to conform to the requirements of the law.
The courts, in their endeavor to prevent-a multiplicity of suits, have, in some "instances, held that the remedy of the creditor to enforce unpaid subscriptions was by bill in equity, on behalf of himself and others similarly situated, in whicn the corporation and its stockholders may be brought in as defendants, that their various rights, liabilities and equities may be determined in one action, and this upon the theory that no one creditor can assume that he alone is entitled to what the stockholder owes, and that it is inequitable to permit him to sue at law to appropriate it exclusively to himself. Harris v. First Parish, 23 Pick., 112; Bush v. Cartwright. 7 Oregon R., 329; Patterson v. Lynde, 106 U. S. R., 519. While any judgment creditor of the corporation, haying an execution returned unsatisfied, may invoke this equitable remedy, lie is not obliged to take it, but may in this and some of the other states (unless restrained) enforce the statutory liability for his own benefit, by an ordinary action at law. See cases collated in Cook on Stockholders; see 3d ed. Morawetz on Corporations, § 895. The underlying principle of either mode of pro■cedure is, that the creditor has exhausted his remedy against the corporation, and been forced to resort to the ulterior liability of the stockholders as the only means of obtaining satisfaction of his demand. For the reasons stated, it is ■evident that the plaintiff, as a simple contract creditor, cannot maintain the .action, and that the demurrer to her complaint must be sustained, with costs.”
It is unnecessary for me to add any thing to what Chief ■Justice McAdam has said, except, to say that I concur in his conclusion and adopt his reasoning. The arguments he uses make it very clear that the intention in giving rights of action against individual shareholders was, under the Act of 1875, as under the Act of 1848, to make such stockliolders not original debtors, but indemnitors; I think he lias conclusively shown that the later statute — interpreting it as a whole and giving effect to every part of it in common with the earlier statute, requires the obtaining of judgment and the issue and return of execution unsatisfied as a condition precedent to the arising of the special and *139 peculiar remedies against stockholders individually. Even if such intention were not expressed in the Act itself, all the analogies to be drawn from legislation of a similar character and the weight of judicial authority thereon would favor this theory of construction. (Cook on Stockholders, § 221, and cases cited.)
The case at bar differs from Richards v. Coe, because in that case the plaintiff had not even obtained judgment, while here judgment has been entered againt the corporation but no execution has been issued; still the same principle governs. Until plaintiff has exhausted his legal remedy against the corporation, the individual stockholder’s liability as an indemnitor does not arise and plaintiff has only half exhausted his legal remedy if he stops with the entry of judgment.
It follows that the demurrer was rightly sustained and that the order of the general term of the city court should be affirmed with costs of this appeal.
Daly, J.—I favor the affirmance for the reasons given in the opinion of McAdam, C. J., in the city court.
Van- Hoesen, J., concurs.