WALTER F. TROTTER, as Receiver of GILMAN-McNEILL COM-
PANY, Suing in Behalf of Himself and Other Creditors
of THE IRON RAILWAY COMPANY, Appellant, v. FREDERICK
J. LISMAN et al., Individually and as Copartners under the
Firm Name of F. J. LISMAN & Co., et al., Respondents.

Creditor's suit — creditors must exhaust legal remedies before
they can maintain an action in equity to reach assets of their
debtors — allegations which do not constitute excuses for a fail-
ure to comply with this rule.

Creditors seeking the aid of a court of equity to reach equitable assets
of their debtor in satisfaction of their claims, must first exhaust their
legal remedies, according to the laws of this state, by the recovery of
a judgment in one of its courts and the return of execution thereon
unsatisfied, unless there are facts constituting a sufficient excuse for
the failure so to do, which facts must be set forth in the complaint.

An allegation that, by the acts of the defendants, "it became impossible
for the creditors of the railway company to enforce at law the collection
of their claim and debts" is not a sufficient ground for the assumption
of jurisdiction by a court of equity, for such allegation is not one of
fact, but is the statement of the pleader's conclusion.

An allegation that the debtor possessed no property except the equitable
assets sought to be reached in the action is not sufficient to show that
the legal remedy has been exhausted. The statute (2 R. S. 173, § 38;
Code Civ. Pro. § 1871) providing for a creditor's action to discover any
property or chose in action belonging to the debtor does not make
insolvency the basis of the action.

Trotter v. Lisman, 131 App. Div. 932, affirmed.

(Argued October 20, 1910; decided November 15, 1910.)

APPEAL from a final judgment, entered June 2, 1909, upon
an order of the Appellate Division of the Supreme Court in
the first judicial department, which affirmed an interlocutory
judgment of Special Term sustaining demurrers to the
complaint.

The plaintiff brings this action as the receiver of the Gil-
man-McNeill Company, a creditor of the defendant, the Iron
Railway Company, to reach assets alleged to have been
received by certain stockholders of the railway company,
defendant here, and to have them applied to the payment of

his claim. The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained in the courts below. The plaintiff not having availed himself of the leave to amend his complaint, final judgment was entered dismissing the same and he has taken the present appeal therefrom.

The complaint alleged the following facts; namely, the due appointment of the plaintiff as receiver of the Gilman-McNeill Company, in an action in the Circuit Court of Kanawha county, in the state of West Virginia; and his investment with all of its property, assets, claims and choses in action; the nature of the indebtedness of the Iron Railway Company, a corporation organized and existing under the laws of the state of Ohio, to the Gilman-McNeill Company and the recovery of judgment thereon in the United States Circuit Court for the southern district of Ohio; the issuance of execution upon the said judgment and the return thereof unsatisfied; that the railway company, in pursuance of a certain contract with the Detroit Southern Railroad Company, had conveyed to the latter company its railroad property and franchises for the sum of $600,000, to be paid directly to its stockholders upon delivery of all of the shares of capital stock; that the defendants, other than the Iron Railway Company, composing the firm of F. J. Lisman & Co., had controlled the conduct of the affairs and business of the Iron Railway Company, through ownership of the capital stock, and had arranged the above contract; that said firm had received the said sum of $600,000, and that they had paid the same to the shareholders of the railway company. It is, then, alleged that the defendant railway company had no property or assets of any description, other than the property agreed to be conveyed under the contract, and "now has no property or assets whatsoever, excepting its right to receive the consideration mentioned in said contract and by said distribution of said sum of $600,000 among the shareholders of the railway company it became impossible for the creditors of the railway company, including the plaintiff, to enforce at law the collec-

tion of their claims and debts." It is next alleged that the said sum of $600,000 was distributed by F. J. Lisman & Co. to and among the holders of the capital stock of the railway company and the members of that firm, "with full knowledge of the then existing indebtedness of the Railway company to the plaintiff and to other creditors." Finally, it is alleged that the railway company, prior to the commencement of this action, was requested to bring suit against the defendants, composing the firm of F. J. Lisman & Co., for a recovery of the $600,000, diverted from the assets of the railway company, and that it had failed and neglected to do so. Judgment is demanded for a receivership of the railway company and that the defendants Lisman and others pay over to said receiver all the moneys and assets received by them and that they be applied to the payment of the claim of the plaintiff and of any other claims properly payable therefrom.

*Hugh A. Bayne* for appellant. It was impossible for the plaintiff to obtain a judgment in New York against the Iron Railway Company; consequently the obtaining of such a judgment and the issuance of execution thereon were not conditions precedent to his equitable right of action against the stockholders of that company to recover its assets which they had wrongfully appropriated. (Code Civ. Pro. § 1780; *N. Y. Bank* v. *Wetmore,* 124 N. Y. 241; *Patchen* v. *Rofkar,* 12 App. Div. 475.) Even if it appeared that the plaintiff might have recovered judgment in New York and issued execution thereon against the Iron Railway Company, under the circumstances of this case observance of those forms is not a condition precedent to the maintenance of this action. (*Bartlett* v. *Drew,* 57 N. Y. 587; *Cole* v. *M. I. Co.,* 133 N. Y. 164; *N. Y. Bank* v. *Wetmore,* 124 N. Y. 241; *Estes* v. *Wilcox,* 67 N. Y. 264; *Lefevre* v. *Phillips,* 81 Hun, 232; *Patchen* v. *Rofkar,* 12 App. Div. 475; *Bateman* v. *Hunt,* 46 Misc. Rep. 346; *Dillon* v. *Hoen,* 5 How. Pr. 35; *Loomis* v. *Lifft,* 16 Barb. 541; *Walser* v. *Seligman,* 13 Fed. Rep. 415.)

*Alfred A. Cook* and *Charles K. Allen* for Lisman and others, respondents. The complaint is demurrable because it appears that no judgment at law was obtained in New York against the Iron Railway Company before instituting this action, and because it does not appear that no action could have been instituted against it in this state. (*Davis* v. *Bruns,* 23 Hun, 648 ; *Tarbell* v. *Griggs,* 3 Paige, 207; *Patchen* v. *Rofkar,* 12 App. Div. 475 ; 5 Ency. Pl. & Pr. 490 ; *Claflin* v. *McDermott,* 12 Fed. Rep. 375 ; *Walser* v. *Seligman,* 13 Fed. Rep. 415.) No valid legal excuse has been pleaded for the non-performance of the conditions precedent to the beginning of a judgment creditor's action in equity. (*Estes* v. *Wilcox,* 67 N. Y. 264; *Adee* v. *Bigler,* 81 N. Y. 349 ; *Adsit* v. *Butler,* 87 N. Y. 585 ; *United Glass Co.* v. *Vary,* 152 N. Y. 121 ; *Dittmar* v. *Gould,* 60 App. Div. 94 ; *Gause* v. *Boldt,* 49 Misc. Rep. 340 ; 115 App. Div. 897 ; *Beardsley & Co.* v. *Foster,* 36 N. Y. 561 ; *Walser* v. *Seligman,* 13 Fed. Rep. 415 ; *N. T. Bank* v. *Wetmore,* 124 N. Y. 241; *McNeal* v. *Hayes,* 118 App. Div. 130.)

*George S. Graham* and *Ralph Polk Buell* for Iron Railway Company, respondent. Inasmuch as the plaintiff's claim is based upon a judgment of another state, he is only a general creditor in this jurisdiction. A creditor cannot maintain a creditor's action without alleging the obtaining of a judgment in a court of this state and the return of an execution thereon unsatisfied. (*Patchen* v. *Rofkar,* 12 App. Div. 475 ; *Davis* v. *Bruns,* 23 Hun, 648 ; *Weaver* v. *Haviland,* 68 Hun, 376 ; *Tarbell* v. *Griggs,* 3 Paige Ch. 207; *Bartlett* v. *Drew,* 60 Barb. 648 ; *N. T. Bank* v. *Wetmore,* 124 N. Y. 241; *Capital City Bank* v. *Parent,* 20 Civ. Pro. Rep. 38 ; *Adsit* v. *Butler,* 87 N. Y. 585 ; *Allyn* v. *Thurston,* 33 N. Y. 626 ; *Estes* v. *Wilcox,* 67 N. Y. 264; *O. Nat. Bank* v. *Olcott,* 46 N. Y. 12.)

Gray, J. It does not appear from the complaint that the plaintiff has recovered any judgment against the debtor railway company in any court of this state ; nor are any facts

stated from which it would appear that an action could not
have been brought against it here.  It is a defendant in this
action ; submitting to the jurisdiction of the court.  Notwith-
standing, therefore, the judgment which was recovered within
the state of Ohio, the plaintiff, in this state, is to be regarded,
merely, as a general creditor and his complaint was properly
demurrable.  The rule was early established in this state, that
creditors, seeking the aid of a court of equity to reach equi-
table assets of their debtor in satisfaction of their claims, must
first have exhausted their legal remedies, according to the
laws of this state, by the recovery of a judgment in one of its
courts and the return of execution thereon unsatisfied.  The
authority of *Tarbell* v. *Griggs*, (3 Paige Ch. 207), in which case
the rule was asserted by the chancellor, has, repeatedly, been
recognized in this court.  (See *Rocky Mountain Nat. Bank*
v. *Bliss*, 89 N. Y. 338 ; *Adee* v. *Bigler*, 81 ib. 349 ; *De Cop-
pet* v. *Cone*, 199 ib. 56.)  It was provided in the Revised
Statutes, and the provision is incorporated in the Code of
Civil Procedure, that, where an execution against the prop-
erty of a judgment debtor, issued out of a court of record,
has been returned unsatisfied, the judgment creditor may
maintain an action against the judgment debtor and any other
person to compel the discovery of anything in action, or other
property, belonging to the judgment debtor and to procure
the satisfaction of the plaintiff's demand.  (2 R. S. 173, sec.
38 ; Code Civ. Pro. sec. 1871.)  These provisions did, and
do, not, of course, affect the inherent power of a court of
equity to take jurisdiction, when invoked in a case falling
within some subject of equity jurisdiction.  They apply, only,
to creditors' bills.  But, in the present case, no ground is made
to appear by the bill for the exercise of the court's equitable
powers.  The bill, simply, seeks the aid of the court in reach-
ing certain alleged corporate assets, which the respondents
are charged with having withheld from the corporation and
with having diverted to the stockholders.  The plaintiff
alleges the recovery of a judgment upon his claim in a
court of another state and an unsatisfied execution thereupon ;

but he does not state any sufficient excuse for not bringing an action in a court of this state. If such an action was rendered impossible by some intervening cause, or event, cognizable at law, or in equity, compliance with the rule, doubtless, might be dispensed with ; but it is essential that the facts constituting the excuse be set forth in the complaint. The only reason for equitable interference, apparent, is the insufficient one of the proceedings in the foreign jurisdiction. In *Tarbell* v. *Griggs*, (*supra*), jurisdiction was refused ; notwithstanding that the creditor's bill alleged the recovery of a judgment in the United States Circuit Court for the southern district of New York. It was held that such a judgment could not support the bill and that the plaintiff's remedy at law had not been exhausted according to the laws of this state. In *Rocky Mountain Nat. Bank* v. *Bliss*, (*supra*), it was held that " when a statute of this state requires, as a condition precedent to further proceedings in its courts, that an execution against the property shall first have been issued, it means that such execution shall have been issued out of a court of this state of general jurisdiction," (citing, among other cases, *Tarbell* v. *Griggs*). (p. 342.)

It is argued that the allegation, that " it became impossible for the creditors of the Railway company to enforce at law the collection of their claims and debts," was a sufficient ground for the assumption of jurisdiction by a court of equity. That allegation, however, is not of some fact which the demurrer is to be taken as admitting ; it is but the statement of the pleader's conclusion. It is, further, said that, because it is alleged that the debtor possessed no property, except the equitable assets now sought to be reached, it is shown that the legal remedy has been exhausted. Such an allegation is not equivalent to an allegation of insolvency. But, if we should assume that it was, in effect, still it would be insufficient to prevent the application of the rule. The statute had not made insolvency the test of its operation. (*Adee* v. *Bigler*, 81 N. Y. 349 ; *United Glass Co.* v. *Vary*, 152 ib. at p. 124.)

There is no allegation in this complaint, which would authorize a court of equity to interfere in aid of the plaintiff, whether within the statutory provision, or within any of the branches of its peculiar jurisdiction, and, therefore, the judgment must be affirmed.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Judgment affirmed, with costs.