Judge Ewing
delivered the Opinion of the Court.
Barnes’ administrators filed their bill in chancery, alleging that, some time in the year 1832, Lewis and James J. Heiatt, John P. Davis and John P. Harlan executed six joint and several notes, to their intestate, each for the sum of fifty dollars, and one for the sum of forty- *220 eight dollars sixty-two and a half cents, due and payable on the 25th of December thereafter. That they have recovered judgments, before a Justice of the Peace, on all said notes, and sued out executions thereon, all ^ have been returned “no property found.”
A voluntary deed, made when the grantor was not in debt, is not void. But-
That, shortly after said notes became due, Harlan fraudulently executed to Henry Harlan and Fielding L. Conner, a deed of trust of all his property, real and personal, in trust for the benefit of his wife and children, with the intent to hinder and delay his creditors; and they pray that the property embraced in the deed, real and personal, may be subjected to the payment of their debts.
All necessary parties are made, but none answer but the infant children of Harlan; who, by their guardian ad litem, answer, professing their ignorance of the matters alleged, in general terms, and requiring proof.
A copy of the deed of trust is exhibited; which purports to be made in consideration of one dollar, and the love which he bears towards his wife and children, and by which all his estate, real and personal, including his household and kitchen furniture, are conveyed in trust for the benefit of his wife and children — the trustees being vested with the power to sell and dispose of the same or any part of it, for the uses aforesaid; with a stipulation that, if they abuse their trust, or squander away the property, then the deed to be void, and, at all events, to be void at his death, and subject to his will.
Transcripts of the judgments are also exhibited, and the executions thereon, and return of the officer, no property found.
The Circuit Court decreed, that the deed be set aside and annulled, and the property, or so much thereof as will suffice, be sold, on three months credit, to satisfy the judgments and costs — first selling the personal estate, if to be had ; and appointed a commissioner to make sale thereof. The defendants have appealed to this Court.
It is first contended that there is no evidence of indebtedness on the part of the grantor, at the time when the deed was made, against the denial of the infants, *221 and that a voluntary deed is not fraudulent and void, if the grantor was not in debt when it was made.
A justice of the peace certifies that, at a certain time, he rendered certain judgin’ts against one who is grantor in a deed,upon notes, with interest from such a date. The judg’ts were not rendered till after the deed was made, but they bear interest from a time anterior to its date. Held that this certificate—the presumption being in its favor—is sufficient evidence (against the denial of an answer for infants.) that the debt existed as early as when the interest commences, and consequently, when the deed was made, and is sufficient to enable a creditor to defeat the deed.
A conveyance includes all the grantor’s effects: it is upon a nominal consideration; to be void if the trustees abuse the trust, and, at all events, at the grantor’s death: these are badges of fraud.
By the act of 98, land was made a fund for the payment of debts, and is so still; and tho’ a justice’s ex’on cannot he levied upon lands — upon a return of ‘no property found’, a bill in chancery may be filed, under the acts subjecting debtors’ choses in action, equitable or legal interest in any estate, real, personal or mixed, &.c. to the payment of “any judg’t:" in that way, the land may be reached, and sold to satisfy a justice’s judg’t, as well as any other; and if any conveyance has been made to hinder or delay creditors, it will be set aside.
*221 Yielding the proposition to be generally true, we think there is enough in the record to amount to prima facie evidence, that the debts in contest existed when the deed was made.
The denial of the infants, as applied to the judgments, can only amount to a denial of the existence of such judgments. And the certificate of the justice was sufficient evidence' of the fact, that such judgments were rendered.
We will take it then, from the certified copies before us, that such judgments existed, and presuming in favor of the judicial acts of the justice, who gave them, we will take as true, the matters alleged on their face.
The judgments, though rendered after the execution of the deed of trust, purport to be pronounced upon notes, and are made to bear interest, from a day, prior to the date of the deed.
Now, though a note may be made to bear interest before it is due, it is very rare that it is made to bear interest before its date, and, if before its date, it would perhaps never be made to bear interest from a day prior to the existence of the debt. Presuming, therefore, that the justice did his duty, and acted properly, in rendering the judgments, we must presume, that the complainants debts existed before the execution of the deed of trust.
This presumption is strengthened by the terms of the deed. We must ascribe some motive to the grantor for the execution of a deed, placing out of his hands all of his visible effects, by a deed containing on its face, such strange terms and conditions. In the absence of all proof ascribing to him any other motive, we are strongly impelled to the conclusion, that it was made to hinder and delay pre-existent creditors.
But it is contended that, as land cannot be sold under an execution issuing upon a judgment of a justice of the peace, that the chancellor- will not interfere, to subject it to the payment of such judgments.
*222 By the statute of 1798 (Statute Laws of Kentucky, 1463,) lands are made subject to the payment of all debts and demands—small as well as great. They may be taken and sold in payment of “all judgments.” And though by subsequent statutes, the Legislature has thought fit to inhibit sheriffs from executing process emanating from a justice of the peace, and have also, inhibited constables from selling lands, it is not to be inferred from thence that they intended that lands should not still remain a fund, for the payment of such debts. That the amount of the debt has formed no ground of objection, is evident from the fact that those very demands over which they have given the justice exclusive jurisdiction, when transferred to the Circuit Court by appeal or otherwise, may be, and are daily, collected by a sale of land.
If lands be still a fund for the payment of such debts, unless that fund can be subjected to their payment, there would exist a right without a remedy. Where right exists, and there is no adequate remedy at law to enforce it, Chancery will generally afford relief.
Indeed, this is the basis upon which has been erected her broadest claim to the exercise of jurisdiction. When the arm of the common-law court is too short to afford relief, she will generally interpose and grant it.
The land being a fund for the payment of these debts, and no other out of which they can be made, and no legal means provided by which the fund can be reached and applied to their payment, it would seem to present a case proper for the interposition of the Chancellor.
- But waiving this view as unnecessary to be settled in this r case, we think the return of the officer “ no property found” will, under our statute, authorize the Chancellor to take jurisdiction. When such return shall be made upon a fieri facias founded upon “ any judgment,” courts of chancery shall have jurisdiction to subject “to the satisfaction of such judgment” any choses in action belonging to the debtor, and also, “any equitable or legal interest in any estate real, personal or mixed.” 1. Statute Laws, 302-4.
A decree against infants, must reserve their right to show cause against it after they are of age, or it will be erroneous.
If it be contended that he has no legal or equitable interest in the land, having conveyed it away by deed which is good between him and the grantees, it is replied that, it being subject to the payment of debts, and being conveyed to hinder and delay creditors, the deed is void, as to the complainants, and the title yet in him, for all the purposes of paying their debt.
And though the grantor has embarrassed his estate by such a conveyance, it cannot deprive the Chancellor of jurisdiction, but furnishes an additional reason for his interposition, to vacate the deed, and disenthral the estate from its embarrassed condition, that it may be sold without sacrifice.
We therefore perceive no error in the decree subjecting the land to sale.
But according to the established doctrine of this court, there is en’or in failing to give to the infants day after they arrive at age, to show cause against the decree.
For this error, the decree is reversed, and cause remanded, that day may be reserved to the infants, to show cause against the decree after they arrive at age, and the costs of this court are divided.