LUTHER DANA & *al.* versus JOSEPH B. HASKELL & *als.*

When it is attempted to reach, by process in equity, the avails of property fraudulently conveyed, it should appear that a judgment of some description has been obtained, which cannot be impeached by the party to be affected by the relief sought; and that every thing which the law requires has been done to obtain satisfaction.

Before a court of equity will interfere to afford relief, as by declaring a conveyance of real estate void for fraud, plaintiff must show that he has an interest in such real estate by levy or otherwise, or in other subject matter to which his bill relates.

The case of *Webster v. Clark*, 25 Maine, 313, examined and affirmed.

*Hartshorne v. Eames,* 31 Maine, 93, reviewed and reconciled with *Webster v. Clark.*

THIS was a bill in equity, filed at the April term of this Court, 1855, for Cumberland county. Service was completed in November following. The bill alleged, that during the years 1849 and 1850, the plaintiffs sold to Joseph B. Haskell, one of the defendants, merchandize to the value of $1042,82, and took in payment therefor the notes of said Haskell, amounting together to that sum; that said notes were not paid at maturity, and a suit was commenced and judgment recovered upon them at the October term of this court, 1854; upon which judgment execution issued at the same term, and was placed in the hands of an officer, who returned it in no part satisfied; and that the debt is still unpaid.

The bill further alleges that at the time said Haskell commenced trading with plaintiffs, and during nearly all the time he purchased goods of them, he was seized and possessed of a parcel of real estate in Portland, of the alleged value of $3000, and that relying upon this property and the integrity of said Haskell, they sold him goods and took his notes as aforesaid.

The bill charges that said Haskell conspired with one Joshua B. Osgood, to defraud the plaintiffs and other creditors, of their just debts; and to that end, while his said notes were maturing, (March 7, 1850,) conveyed said real estate to said Osgood for the nominal consideration of $1500; that

VOL. XLI.        4

said Osgood, conspiring and confederating with said Haskell and one Simeon Hall, conveyed said estate to said Hall on the 12th of March, 1850; who, in pursuance of the same fraudulent conspiracy, on the 27th of April, 1853, conveyed it to Charlotte R. Marr, (now Charlotte R. Haskell,) and that it was by her, on the 11th of January, 1854, fraudulently conveyed to Washington Libby, the other defendant, who is also charged with being a party to the alleged conspiracy to defraud the plaintiffs; and that all these conveyances were made without consideration.

The prayer of the bill is, that the defendants may be required to answer on their several oaths to all the matters and things therein set forth, and that said Libby may be compelled to give up said real estate, or sufficient thereof to satisfy the plaintiffs' judgment; or that said Libby be compelled to pay said judgment against said Haskell, with interest.

Joseph B. Haskell did not appear, and was defaulted. The other defendants severally pleaded general demurrers to the bill.

*Clifford & Adams*, for defendants.

1. The bill does not set forth with particularity the facts, a discovery of which is desired. It contains no averment that they rest within the knowledge of the defendant alone, and are not susceptible of other proofs; nor that a discovery of them is essential to enable the plaintiffs to obtain the relief prayed for. These are material omissions in the bill. *Caswell* v. *Caswell*, 28 Maine, 233.

The bill should set forth in particular, the matters to which the discovery is sought. Story's Eq. Pl., 325.

The bill must also show, or at the least must aver, that the facts sought are material to establish the plaintiffs' case, and that their rights cannot be established by other witnesses, or without the discovery prayed for. *Ranison* v. *Ashley*, 2 Vesey, jr., 459, and cases cited; *Leggett* v. *Postley*, 2 Paige's Ch. R. 601; *Partington* v. *Hobson*, 16 Vesey, jr., 221, note and cases; *Appleyard* v. *Seton*, 16 Vesey, jr., 223; 1 Maddock's Ch. Prac. 198, and note; Story's Eq. Pl. 313, 321, 319,

and note; Mitford Eq. Pl. by Jeremy, 186; Cooper's Eq. Pl. c. 3, § 3, pp. 191, 192; Story's Eq. Jur. § § 1495, 1497; *Findlay* v. *Hinde*, 1 Pet. 244; *Seymour* v. *Seymour*, 4 Johns. Ch. R. 411; *Robert, Lord Bishop of London,* v. *Fytch,* 1 Bro. C. C. 97; *Russ* v. *Wilson,* 22 Maine, 211; *Fenton* v. *Hughes,* 7 Vesey, jr., 287.

2. This bill charges on defendants a conspiracy to defraud creditors. By R. S., c. 161, § 2, this is ˉan indictable offence, subjecting the party to punishment by fine not exceeding $1000, and imprisonment in the county jail not more than one year. By R. S., c. 148, § § 47, 48, 49, the fraudulent debtor and his confederates are also made liable to a penalty in double the amount of the property fraudulently conveyed.

It is apparent from the date of the alleged fraudulent transaction, as set forth in the bill, that prosecutions for the offence therein charged are not barred by the statute of limitations.

These defendants, therefore, cannot be held to answer to the allegations in this bill—it being a settled maxim, fully recognized and acted on by courts of equity, "that no person shall be obliged to discover what may tend to subject him to a penalty or punishment, or to that which is in the nature of a penalty or punishment."

"*Nemo tenetur seipsum prodere*" is as much lauded a maxim of equity courts, as of those of the common law. Story's Eq. Pl., § § 575, 576, 577, and note; *Selby* v. *Selby,* 4 Bro. C. C. 11; *Williams* v. *Farrington,* 3 Bro. C. C. 40, note and cases cited; Wigram's Points Discov. 82 and 259; *Dwinal* v. *Smith,* 25 Maine, 381, 382; 2 Fonb. Eq. 495; 2 Mad. Ch. 291, margin.

3. It is a well established rule in equity, that where a bill prays discovery and relief, if the party is not entitled to relief, he is not entitled to discovery. Story's Eq. Jur. § 70; *Loker* v. *Rolle,* 3 Vesey, jr., 7; *Muckleston* v. *Brown,* 6 Vesey, jr., 63; *Baker* v. *Mellish,* 10 Vesey, jr., 553; *Gordon* v. *Simpkinson,* 11 Vesey, jr., 510; *Russel* v. *Clark,* 7 Cranch,

89; *Russ* v. *Wilson*, 22 Maine, 209; *Coombs* v. *Warren*, 17 Maine, 409.

But the case represented by this bill is not one in which this Court is authorized to grant the relief prayed for; because —

1. The plaintiffs have a plain and adequate remedy at law; and it has been repeatedly decided by this Court, that in such a case, a bill in equity cannot be sustained, either for relief or for discovery. R. S., c. 96, § 10; *Coombs* v. *Warren*, 17 Maine, 404; *Danforth* v. *Roberts*, 20 Maine, 307; *Webster* v. *Clarke*, 25 Maine, 313; *Russ* v. *Wilson*, 22 Maine, 210.

It does not appear that the possession of this estate has ever changed hands; and upon the hypothesis that the allegations in the bill are true, the successive conveyances of it are absolutely void. The plaintiffs have then only to levy their execution upon it, to obtain satisfaction of their judgment.

Should their title under the levy be contested, all the evidence proposed to be obtained by the answers of the defendants to this bill, would be equally available to the plaintiffs in a court of law, the appropriate tribunal, we respectfully submit, for the settlement of controversies in relation to the title to real estate, and one from which courts of equity are always reluctant to withdraw them.

2. A court of equity will not interpose its aid in favor of a creditor, unless he has done with diligence all that the law will enable him to do to obtain satisfaction of his debt. He must exhaust his legal remedy before he applies for relief in equity. *Russ* v. *Wilson*, 22 Maine, 211; *Webster* v. *Clark*, 25 Maine, 316 and 317; *Caswell* v. *Caswell*, 28 Maine, 236.

"Courts of equity are not tribunals for the collection of debts." Shepley, C. J., 25 Maine, 314.

They will not assist parties, who have neglected or refused to pursue their legal remedy, when they might have employed it successfully; and who then apply to a court of equity for aid. This would be to afford them advantages which the law never designed to give them. 25 Maine, 316; 22 Maine, 311.

Again, it appears that the plaintiffs have by no means ex-

hausted their legal remedy. They obtained judgment, it is true, in a little less than five years after the maturity of their notes; but they have not, to this day, made any arrest of the debtor; nor have they levied their execution upon the real estate which they allege he has never legally transferred.

Under R. S., c. 148, § § 25 and 27, they had it in their power to subject their debtor, Haskell, to perpetual imprisonment unless he should make a full disclosure concerning "his estate and effects, and the disposal thereof;" by which they could have come at any notes or other securities received as consideration for the conveyance of that estate; or at any other property he might have possessed. They could have compelled him to make a full discovery of the true character of his conveyance to Osgood; and by sections 47 and 48 of the same chapter, he would subject himself to punishment by penalty in double damages if he made a false disclosure. Any parties, also, who had aided him in a fraudulent concealment of property from his creditors, would be exposed to the same penalties.

In *Caswell* v. *Caswell*, Mr. Justice TENNEY says, (28 Maine, 236,) "the plaintiff must do all which the law will enable him to do, to obtain the object of his pursuit, and until he has exhausted his legal remedies, he is not entitled to the aid of a court of equity."

This is clearly the law of that case, and also of *Webster* v. *Clark*, in which SHEPLEY, C. J., gave the opinion of the Court; and we are unable to perceive how the correctness of these decisions can be successfully called in question, either upon principle, upon authority, or upon grounds of public policy.

3. But there is another fatal objection to the maintenance of this bill.

The plaintiffs show no title, by levy or conveyance, to the estate in controversy. They have no legal or equitable interest in it of any description whatever.

The authorities are explicit and unanimous to the point, that a plaintiff must have an interest in the subject matter, to which the discovery or relief relates, or he cannot maintain a

bill for either purpose. It will be bad on demurrer. Story's Eq. Pl., § § 261, 318, 508, 549, and authorities cited; 1 Dan. Ch. 360, 617.

The only relief which the plaintiffs ask by this bill, is that the defendant Libby may be compelled to give up the real estate, or to pay their debt.

He cannot be required to give up the land to the plaintiff, because they have acquired no right or interest in it. *Webster* v. *Clark*, 25 Maine, 316; *Sargent* v. *Salmond*, 27 Maine, 548.

The case of *Hartshorne* v. *Eames*, is not in conflict with that of *Webster* v. *Clark*. *Dodge* v. *Griswold*, 8 N. H. 427.

Neither can Libby be required to pay their debt.

They do not claim that he has in his hands the proceeds of any fraudulent sale of property, as in the case of *Gordon* v. *Lowell*, 21 Maine, 251; nor any thing in the nature of funds which the Court could appropriate to the payment of the debt.

On the contrary they allege that all the conveyances complained of, were made without consideration; nobody has received any thing from the estate. There are, therefore, no proceeds of a fraudulent sale to be reached in anybody's hands. The Court has nothing to act upon in that direction.

It cannot afford relief from the estate itself, because the plaintiffs have no right to, or interest in it, upon which the Court can act for that purpose.

We maintain, therefore, with confidence, that our demurrers are good.

*H. P. & L. Deane*, for plaintiffs.

1. A conveyance of property to defeat and delay creditors, constitutes a legal fraud, and as such furnishes good ground for relief in equity. *Gardner Bank* v. *Wheaton*, 8 Greenl. 373.

The Court has equity jurisdiction where the bill charges a fraudulent conveyance of land for such a purpose. *Hiss* v. *Gould*, 15 Maine, 82.

2. A court of equity will assist a judgment creditor to discover and reach the property of his debtor fraudulently trans-

ferred, although not liable to be attached on a writ, or seized upon execution.  *Gordon & al.* v. *Lowell & al.*, 21 Maine, 251.

The case is similar in essential particulars to the case at bar. The principles recognized in it have been affirmed in *Sargent* v. *Salmond*, 27 Maine, 539 ; *Briggs* v. *French*, 1 Sum. 504.

3. The complainants allege a conspiracy between the defendants to defraud them, and set forth the acts done to effectuate the object of the conspiracy.  Hence it is cognizable by a court of equity.  It was so settled in *Dwinal* v. *Smith*, 25 Maine, 379.

The case is directly in point.  The real estate of the debtor had been fraudulently transferred by his connivance and conspiracy (as the bill alleged,) with the other defendant. The fee was in the other defendant, and the plaintiffs brought their bill for relief without making any levy upon real estate, and it was sustained.

4. The plaintiffs have no plain and adequate remedy at law.  Relief cannot be obtained without a discovery of the truth, and this can be done only by the answers of the defendants.   In such case the court of equity will interfere and give aid.  *Dwinal* v. *Smith*, 25 Maine, 379 ; *Hartshorne* v. *Eames*, 31 Maine, 93.

In 31 Maine, 93, the subject was thoroughly examined.  It is a strong case, and covers the whole ground.  It sustains the present bill in every particular.

RICE, J.—The bill charges that Joseph B. Haskell, during the years 1849 and 1850, became indebted to the plaintiffs for the amount of $1042,82, for merchandize sold; to recover which an action was brought, and judgment obtained in Oct. 1854, for the sum of $1323,45, debt, and $9,38, costs.   On that judgment execution was issued Nov. 13, 1854, which was put into the hands of an officer, who after diligent search, was unable to find property wherewith to satisfy the same.

The bill also charges, that during the time the indebtedness of Haskell was accruing, he was seized and possessed of certain real estate, situated in Portland, and described in

the bill, of value more than sufficient to pay the debt of the plaintiffs; and that the defendant, Joseph B. Haskell, with intent to injure, defraud and delay the plaintiffs, conveyed all his said real estate to one Joshua B. Osgood, and further to conceal said estate, caused the title thereto to be transferred through the hands of several individuals until it finally vested in one Washington Libby; all of which conveyances are alleged in the bill to have been without consideration, and made with the fraudulent intent to delay and defeat the plaintiffs in the collection of their debt against Haskell.

The prayer of the bill is for general relief, and that Libby may be required to convey to the plaintiffs, said real estate, or so much thereof as may be sufficient to pay their aforesaid debt.

To this bill the defendants, Charlotte R. Haskell and Washington Libby, have filed general demurrers. Joseph B. Haskell has been defaulted.

There is no suit at law pending between the parties. No levy has been made upon the land, and no proceedings instituted by which the plaintiffs have obtained a lien thereon. The bill asks for no specific discovery; nor does it purport to be a bill for discovery.

When it is attempted to reach the avails of property fraudulently conveyed, by process in equity, it should appear that a judgment has been obtained of some description, which cannot be impeached by the party to be affected by the relief sought; and that every thing has been done therewith which the law requires to obtain satisfaction of the same. *Caswell v. Caswell,* 28 Maine, 232.

Before a court of equity will interfere to afford relief, the plaintiff must show that he has an interest in the subject matter to which his bill relates. SHEPLEY, C. J., in the case of *Webster* v. *Clarke,* 25 Maine, 313, after reviewing authorities upon this point, remarks:—"But in this State, where a judgment does not create a lien upon the real estate of the debtor, the principle established in all those cases would require that the creditor make a levy upon the real estate of his .

debtor, if he would have the assistance of a court of equity to enable him to obtain satisfaction from the estate itself, which has been fraudulently conveyed, and not from the proceeds of the sale. He must first do all which the law will enable him to do to obtain a title in the mode pointed out by the statute, and then the Court will assist him, and prevent his being injured by the outstanding fraudulent title." We are not aware that this case has ever been overruled or qualified. The grounds on which a court of equity will interpose in this class of cases are therein stated with much force and perspicuity, and can receive no additional strength by being restated. They receive our full concurrence, and are decisive of this case.

The case of *Hartshorne* v. *Eames*, 31 Maine, 93, has been supposed to be in conflict, to some extent, with the case last cited, and to be an authority in point, to sustain the case at bar. An examination of that case will show that it cannot bear such a construction.

Though the point, that there had been no levy upon the land, and no lien created which would give the plaintiffs an interest in the land, was distinctly taken in that case, and though from some expressions used in the opinion it may be inferred that the Judge by whom it was drawn might not have deemed such interest in the land necessary to authorize the interposition of a court of equity, the case did not turn upon that point. There is no statement of the case except what appears in the opinion. From that it appears that the legal title to the land was never in the defendant, and consequently, a levy could not have been made upon the legal estate; and further, although a decree was entered that the defendant should pay the plaintiffs the amount of their debt, that decree was based upon considerations aside from the alleged fraudulent transfer of real estate. Whether that case was well decided or otherwise, it is not necessary for us to consider.

Should any of the *dicta* in that opinion appear to be in conflict, in any degree, with the established rules of equity

proceedings in this State, or elsewhere, it may be accounted for, from the sensitiveness which the upright and learned Judge, who drew the opinion, manifested in all cases where fraud was alleged, proved, or even suggested.

*Demurrer allowed and bill dismissed with costs.*

TENNEY, C. J., and HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.