| 43 | 413 |
|----|-----|
| 91 | 638 |

| 43 | 413 |
|----|-----|
| 117 | 703 |

</div>

KEEDER AND ORVIS & CO. v. MURPHY ET AL.

1. **Conveyance:** SECURITY FOR MONEY. A conveyance, absolute in form, to a creditor of the grantor, may be treated as security simply for moneys advanced, where the grantor at the time of executing it was indebted to others than the grantee, and the property may be ordered sold and the proceeds, after discharging the grantee's debt, subjected to the claims of other creditors.

*Appeal from Clinton District Court.*

MONDAY, JUNE 12.

ON the 14th day of November, 1871, Sylvester Keeder, the holder of a judgment for the sum of $203.42 and costs against John Murphy, commenced an action to set aside a conveyance of eighty acres of land by John Murphy, to his sister Bridget Murphy, alleging that it was made with the intent or defrauding, hindering and delaying creditors.

On the 28th day of November, 1871, the plaintiffs, F. K. Orvis & Co., the holders of a judgment against John Murphy for the sum of $361.65 and costs, commenced a like action.

The defendant, Bridget Murphy, filed an answer in each case, denying the allegations of fraud, and alleging that her purchase was in good faith and for a valuable consideration. After the issues were made up, the two cases were, at the request of the attorneys, consolidated. The evidence tended to show that the conveyance was made to Bridget in consideration of money which she had prior thereto advanced to John.

The court directed that a decree be prepared and entered, pursuant to the following order: "The case will be referred to R. T. T. Spence, as special master, to ascertain the fair rental value of the property conveyed by the said John to the said Bridget during the time that she has had the title to said premises; there will be allowed interest on the amounts paid to the said John, such amounts to be ascertained by the said master, from the proof already taken in the case; she will be allowed all taxes paid by her, and all money expended for necessary repairs; taxes and money paid for necessary repairs, will first be deducted from the fair annual rental of the property, and the residue applied to the payment of the interest and principal of the money which the master finds has been paid by the said Bridget to the said John, and in consideration of which it is claimed said land was conveyed to her, and upon the payment of her claim the judgments of the plaintiffs to be the next lien upon the property, and execution to issue thereon. Whatever balances may be due said Bridget at the time the master makes his report, she may by proper additional proceedings have converted into a judgment and decree and issue special execution thereon; the object of the same being to regard the conveyance to the defendant as a security for the repayment of moneys advanced by her to the said John Murphy, her grantor, and to require her to account since her actual possession as a mortgagee in possession."

To this order both parties excepted. The defendant, Bridget Murphy, alone appeals.

*W. E. Leffingwell & Bro.*, for appellant.

*Wm. H. H. Hart*, for appellees.

DAY, J.—A review of the evidence could subserve no practical purpose. It creates a very strong suspicion that the conveyance from John to Bridget Murphy was for the fraudulent purpose of placing the property beyond the reach of creditors, and that both parties participated in the fraud. Yet we would not, perhaps, be able to unite in holding that the proof of fraud is of such clear and satisfactory a character, as would justify a court of equity in declaring it fraudulent and setting it absolutely aside.

But the order of the court below, treating the conveyance as a security for the money actually advanced by the defendant, Bridget, and subjecting the remainder of the value to the claims of the plaintiffs, is fully sustained by the case of *Boyd & Suydam v. Dunlap et al.*, 1 Johns. Ch., 478. The equity of the decree of the court below, sustained by authority of such undoubted excellence, commends itself to our judgment, and commands our united approval.

AFFIRMED