## STAMY v. LANING ET AL.

1. **Conveyance**: SECURITY FOR DEBT: FRAUD: HUSBAND AND WIFE.
A conveyance by a husband to his wife, she knowing he was largely in-
debted at the time, will be treated as a security for the amount of her
husband's *bona fide* indebtedness to her, and sustained to that extent;
and, subject thereto, creditors may enforce their judgment against the
property so conveyed.

*Appeal from Linn District Court.*

MONDAY, JUNE 12.

THE plaintiff brings this action to set aside, as in fraud of
his rights, a conveyance of certain property by the defendant,
Martin A. Laning, to his wife Laura A. Laning.   In the pe-
tition the plaintiff prays for general relief.   The court dis-
missed the plaintiff's petition.   The plaintiff appeals.   The
material facts are stated in the opinion.

*Stoneman, Rickel & Eastman,* for appellant.

*J.  D.  Giffin,* for appellees.

DAY, J.—The plaintiff commenced an action against the
defendant, Martin A. Laning, on the 11th day of October,
1. CONVEY-
ANCE: secu-
rity for debt:
fraud: hus-
band and
wife.
1880, and on the 4th day of November, 1880, re-
covered a judgment for $286.38.   On the 21st
day of October, 1880, the defendant, for the ex-
press consideration of $100, conveyed to his wife,

Laura A. Laning, all of his real estate, consisting of 235 acres. On the same day Martin Laning executed to his wife for the expressed consideration of $1,458.38, a bill of sale for all his personal property, consisting of horses, cattle, farming utensils, blacksmith's tools, oats in the bin, corn in the field, etc. The defendant Laura was married to the defendant Martin in 1875, and is his second wife. She was introduced as a witness on behalf of the plaintiff and testified the personal property was sold to her in payment of $1,000, which she let her husband have about the time they were married, which at the time of the conveyance amounted to about the sum named in the bill of sale. She further testifies that the land was conveyed to her in consideration of her assuming to pay her father $100, owing to him by her husband, amounting, at the time of the conveyance, to about $126. She estimated the land at $25 per acre, amounting to $5,975, which is shown by other testimony to be about its value, and testified that it was incumbered by mortgages, including interest, to the extent of $5,600. She estimates the personal property at $1,949.30, which is shown to be incumbered by a chattel mortgage for $140. There is nothing in the direct testimony, nor in the circumstances of the case, to impeach this testimony of Mrs. Laning. It does appear, however, that she knew her husband was indebted to the plaintiff, but it is not shown that she knew he had been sued thereon. Under the holding of this court in *Keeder and Orvis & Co. v. Murphy*, 43 Iowa, 413, the conveyances to the defendant, Mrs. Laning, should be treated as a security for the amount of her husband's indebtedness to her, and sustained to that extent. See, also, *Strong v. Lawrence, ante*, p. 55, and cases cited. The plaintiff's judgment may be enforced as a lien upon the real estate, subject to the payment to Mrs. Laning of the sum of $126, with interest at six per cent from the date of the conveyance. The plaintiff may also enforce his judgment against the personal property included in the bill of sale, subject to the chattel mortgage thereon, and sub-

ject to the payment to Mrs. Laning of $1,458.33, with interest at six per cent from October 21st, 1881.

REVERSED.