SARAH A. PETERSON v. HENRY GITTINGS AND MARTHA C. GITTINGS, Appellants.

**Creditor's Bill.** A creditor's bill cannot be maintained in the district court on a judgment rendered by a superior court, which has not become a lien on real estate by filing the same in the district court as authorized by Acts Sixteenth General Assembly, chapter 143, section 18, as amended by Acts Nineteenth General Assembly, chapter 24, section 8, as the remedy at law has not been exhausted and a lien on land is a necessary basis for such a bill.

RULE APPLIED: *Superior Court Judgment*    Under Acts Sixteenth General Assembly, chapter 148, section 18, as amended by Acts Nineteenth General Assembly, chapter 24, section 8,. providing that a judgment of a superior court may be made a lien on real estate by filing a transcript thereof in the district court, a creditor's bill cannot be maintained in the district court to subject real estate to a judgment of the superior court, of which a transcript has not been filed in the district court, since such judgment neither gives him a lien on real estate, nor places him in a position to perfect one.

SAME. The equitable proceedings under Code 1873, sections 3159-3154, for subjecting land to the payment of a judgment will not lie until the remedy at law has been exhausted, and have no application to superior court judgments which do not constitute a lien and cannot constitute one without additional proceedings at law, by transcript.

**Transcript to Superior Court.** A judgment of a district court, consisting of a transcript filed therein of a judgment of a superior court, cannot be proved by a certificate of the clerk of the superior court.

SAME. A creditor's petition alleged that a transcript of a judgment of a superior court had been filed in the district court, and, as an amendment, plaintiff filed a certified transcript of the judgment endorsed (by the clerk of the district court—Reporter): "Amendment to plaintiff's petition. Filed in open court, November 15, 1894. T. S. Campbell, Clerk." *Held.* that the endorsement did not show the transcript to have been filed, except as an amendment.

PLEA AND PROOF. A plaintiff in a creditor's suit, who bases his claim on a judgment of the district court, secured by filing a transcript of a judgment of the superior court, cannot, on failing to prove

that such transcript had been filed, rely on the judgment of the superior court.

**Statutes: COMMON LAW.** Statutes in affirmance of the common law will be construed as to their consequences in accordance with the common law.

**SAME.** Statutes will be interpreted in the light of the common law, and with reference to the principles of the common law in force at the time of their passage.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, JANUARY 24, 1899.

CREDITORS' bill to subject certain real estate to the payment of plaintiff's judgment. The trial court reserved to defendants a homestead in the property, but ordered that the remainder be subjected to plaintiff's claim. Defendants appeal.—*Reversed.*

*Geo. W. Hewitt* for appellants.

*W. H. Killpack* for appellee.

DEEMER, J.—Appellee's judgment was rendered by the superior court of the city of Council Bluffs. Section 18, chapter 143, Acts Sixteenth General Assembly, as amended by section 8, chapter 24, Acts Nineteenth General Assembly, provides that: "Judgments in said court may be made liens upon real estate in the county in which the city is situated, by filing transcripts of the same in the district court as provided in sections 3567 and 3568 of the Code of 1873, relating to judgments of justices of the peace; and with equal effect and from time of such filing it shall be treated in all respects as to its effect and mode of enforcement as a judgment rendered in the district court as of that date. And no execution can thereafter be issued from the said superior court on such judgment, and no real property shall be levied upon or sold on process issued out of the court created by this act."

(Superior court). The statutes with reference to filing transcripts of judgments rendered by justices of the peace provide that the clerk of the district court shall forthwith file the same and enter a memorandum thereof in his judgment docket, noting the time of the filing thereof, and, from the time of such filing, it shall be treated as a judgment rendered in the district court. The original petition in this case recited that a transcript of the superior court judgment had been filed in the office of the clerk of the district court, and that the same was of record in Judgment Docket 14, p. 87, of the district court records. In response to a demurrer, which was confessed, plaintiff filed, as an amendment to her petition, a certified transcript of the judgment rendered by the superior court. This so-called amendment bore this indorsement on the back thereof, in addition to the title of the case: "Amendment to plaintiff's petition. Filed in open court Nov. 15, 1894. T. S. Campbell, Clerk. W. H. Killpack, Attorney for Plaintiff." These are all the filing marks appearing on this document. At the trial, plaintiff offered this transcript as proof of her judgment; and this was all the evidence that was offered to prove her right to attack the conveyance between Henry Gittings and his wife, Martha C. Manifestly, this does not show a judgment in the district court. If the transcript of the superior court judgment had been filed in accordance with the statutes before quoted, then the judgment stood as if it had been rendered by the district court, and could not be proven by certificate of the clerk of the superior court. There is no evidence that this transcript was ever filed, except as an amendment to plaintiff's petition, and no showing that a memorandum thereof was ever entered upon the judgment docket of the district court.

This brings us to the question of plaintiff's right to maintain a creditor's bill in the district court upon a judgment rendered by the superior court. It clearly appears from the acts of the legislature hereinbefore referred to that judgments of a superior court are not liens on real estate, and that

real property cannot be levied upon or sold on process issued out of such court. Now, the general rule is that a creditor must have a lien, or be in a situation to perfect a lien, before filing a bill in equity to subject real estate to the payment of his claim. *Buchanan v. Marsh,* 17 Iowa, 494; *Goode v. Garrity,* 75 Iowa, 713; *Faivre v. Gillman,* 84 Iowa, 573; *Fur Factory v. Teabout,* 104 Iowa, 360; Wait Fraudulent Conveyance (3d ed.), section 73; Bump Fraudulent Conveyance (2d ed.), p. 521. There are some exceptions to this rule, but the case does not come within any of these exceptions. Appellee relies upon a line of cases holding that an action in the nature of a creditors' bill may be maintained in a state court upon a judgment rendered by the federal court; citing *Bank v. Sloman,* 42 Neb. 350 (60 N. W. Rep. 589), to which we might add the following: *Bullitt v. Taylor,* 34 Miss. 743; *Brown v. Bates,* 10 Ala. 432; *Bridge Co. v. Fowler,* 55 Kan. 17 (39 Pac. Rep. 727). There is conflict in the authorities on this proposition, however. See *Tarbell v. Griggs,* 3 Paige, 207; *Winslow v. Leland,* 128 Ill. 338 (21 N. E. Rep. 588); *Steere v. Hoagland,* 39 Ill. 264; and cases cited in Wait Fraudulent Conveyance (3d ed.), under section 78. Without determining the proper rule to be applied to such a state of facts, it is enough to say that those cases which hold to the affirmative of the proposition do so upon one or all of these grounds: (1) That a judgment of the federal court sitting within the state in which the action of the state court is invoked is a lien upon the real estate sought to be reached by the creditors' bill; (2) that judgments rendered by federal courts are treated as domestic judgments, at least within the boundaries of the state in which the judgments were rendered; (3) that plaintiffs in these judgments are entitled to the same remedies, by attachment, execution, or other means, as plaintiffs in judgments rendered by state courts. None of these reasons are applicable to judgments rendered by superior courts, unless it be the second, and that is not sufficient ground for sustaining a creditor's bill based

upon a judgment rendered by such a court; for, as we have seen, the creditor must, as a general rule, have acquired a lien on the specific property, or be in a position to perfect a lien thereon, and subject it to the payment of his judgment, upon the removal of the obstacle presented by the fraudulent transfer. In *Crippen v. Hudson,* 13 N. Y. 161, the supreme court of that state squarely holds that an action in the nature of a creditors' bill cannot be sustained upon a judgment rendered by a justice of the peace which has not been docketed in the county clerk's office so as to become a lien on real estate; one of the reasons for its holding being that the creditor had not exhausted his legal remedies until the judgment had been docketed in the county clerk's office. See, also, *Dix v. Briggs,* 9 Paige, 595; *Coe v. Whitbeck,* 11 Paige, 42; *Brinkerhoff v. Brown,* 4 Johns. Ch. 671; *Clements v. Waters,* 90 Ky. 96 (13 S. W. Rep. 431); *Mansfield v. Wilkinson* (Ky.) 27 S. W. Rep. 808. The case of *Bailey v. Burton,* 8 Wend. 339, which is often cited to sustain the contention that a judgment of a justice of the peace will support a creditors' bill in the district court, related to personal property which had been taken under execution issued by the justice, and upon which there was a lien by reason of the levy. *Falker v. Linehan,* 88 Iowa, 641, relied upon by appellee, also relates to personal property. When a transcript of a judgment of a justice of the peace is docketed in, and made a judgment of, a court of record, it then becomes as much entitled to the aid of a court of equity as though originally recovered in a court of record. *Newdigate v. Jacobs,* 9 Dana, 18; *Hiatt v. Barnes' Adm'rs,* 5 Dana, 220; *Ballentine v. Beall,* 4 Ill. 204; *Weatherford v. Myers,* 2 Duv. 191. From these authorities it would appear that a judgment of the superior court which is not a lien upon real estate is not sufficient basis for a creditors' bill, for the reasons that (1) the creditor has no lien on the real estate, and is not in position to perfect one, and subject it to the payment of his judgment, upon the removal of the obstacle presented by the fraudulent trans-

for: (2) he has not exhausted his remedy at law by filing a transcript with the clerk of the district court, so as to make the judgment a lien upon real estate.

But it is suggested in argument that the old action in equity known as a creditors' bill has been entirely superseded by statute (sections 3150 to 3154 of the Code of 1873), and that these sections authorize actions to subject property belonging to the defendant at any time after the rendition of a judgment by any court. Whether statutes like this are to be held a substitute for creditors' bills, or to provide a cumulative remedy, is a question of considerable doubt, and one upon which the authorities are in conflict. See cases cited in 5 Enc. Pl. & Prac. pp. 433, 434. We need not determine this question; for, if it be conceded that such a statute supersedes the common law, it does not follow that any judgment is a sufficient basis for the proceedings. The statute is really declaratory of the common law, and should be construed with reference to the established rules thereof. The statute says the action must be by equitable proceedings, and such proceedings will not lie until one has exhausted his remedy at law. In the case of *Bank v. Quackenbush,* 143 N. Y. App. 567 (38 N. E. Rep. 728), it is held, in effect, that, while statutory proceedings similar to those in our own statute were intended as a substitute for creditors' bills, yet the same rules obtain, so far as applicable, and that a creditor must first exhaust his remedy at law before resorting to them. It was also held that the proceedings could not be predicated upon a foreign judgment, or upon judgment in *rem,* and that, if the creditor's judgment has ceased to be a lien upon the realty of his debtor, he must by some proper proceeding reinstate his lien. We have held that a lien must exist in order that one may invoke the statutory remedy. *Fur Factory v. Teabout, supra.* The holding of the New York court is the result of an application of these well-known rules of construction: That statutes in affirmance of the common law shall be construed, as to their consequences, in accordance with the common law (see *Baker*

*v. Baker,* 13 Cal 87), and that statutes are to be interpreted in the light of the common law, and with reference to the principles of the common law in force at the time of their passage. *Scaife v. Stovall,* 67 Ala. 237; *Freeman v. People,* 4 Denio, 9; *Com. v. Humphries,* 7 Mass. 242. With these principles in mind, it is clear that the judgments referred to in our statute refer to judgments which are liens upon real property, and not to judgments of superior or justice courts. Mention should be made of the fact, however, that we are now considering a creditors' bill, or equitable proceedings to subject real estate, and not an action to reach personal property.

One other thought seems to be conclusive. Appellee bases her action upon a judgment of the district court, and shows on the face of her petition that there is no longer any judgment in the superior court which can be enforced by execution or other process. She has failed to prove such judgment, and this should end the case. As appellee has failed to prove her judgment, the decree of the district court is REVERSED.