A. A. WILTSE v. H. C. FLACK AND AMANDA FLACK *et al.,*
S. C. GOFF, Intervener, Appellant

**Fraudulent Conveyances: INADEQUATE CONSIDERATION:** *Rights of*
*creditors.* Where an insolvent, in part consideration for a
conveyance of his farm to his wife, secured sufficient money
from her to settle with attaching creditors, the wife being
aware of the circumstances, the excess in value of the prop-
erty so conveyed over the amount advanced, including the in-
cumbrances assumed, and over the amount due her on her
husband's note in her favor, could be subjected to a judgment
creditor of the husband.

**LIEN:** *Transcript of judgment in another county—need not be*
*filed.* Where an insolvent debtor made a conveyance of land
to his wife, which was in part voluntary, transcripts of a judg-
ment rendered in another county need not first be filed in the
county wherein such land is situated in order to entitle the
judgment creditor to subject to the, payment of his debt so
much of the land as was conveyed without consideration.
*Mickel v. Walraven,* 92 Iowa, 423; *Buchanan v. Marsh.* 17 Iowa,
494; *Peterson v. Gittings,* 107 Iowa, 306, and *Taylor v. Brans-
combe,* 74 Iowa, 534, analyzed and distinguished.

*Appeal from Dallas District Court.*—HON. A. W. WILKIN-
SON, Judge.

TUESDAY, OCTOBER 22, 1901.

THE only issue involved in this appeal is that raised
by intervener's petition, asking that the conveyance from H.
C. Flack to his wife, Amanda Flack, should be set aside as
in fraud of intervener's rights as a judgment creditor of H.
C. Flack. After hearing the evidence, the court dismissed
intervener's petition, from which he appeals.—*Reversed.*

*Edmund Nichols* for appellant.

*Shortley & Harpel* for appellees.

McCLAIN, J.—There is no question but that H. C. Flack was insolvent at the time he put the property in controversy, consisting of a farm of 160 acres, into the hands of his wife by conveyance through intervening parties, and that this fact was known to the wife. Indeed, at that time the farm and other property of H. C. Flack had been already attached by his creditors. With money secured from other sources and a sum of money advanced by his wife in part consideration of the conveyance of this farm, settlement was made with the attaching creditors at 50 cents on the dollar, and the attachments were released. Intervener was not one of the attaching creditors, and now seeks to subject the farm to the satisfaction of judgments held by him against H. C. Flack to the total amount of some $800, claiming that the conveyance was fraudulent as to him, or, if not, that it was for less than the value of the property and that to the extent of the excess in the value of the farm over the consideration paid therefor by the wife the conveyance was voluntary, and that intervener may now subject such excess to the payment of his judgments. We think that the evidence fails to show any fraudulent purposes on the part of the wife, but we also think that the conveyance to the wife was voluntary, and not with the view of obtaining the full value of the property, but rather for the purpose of vesting in the wife whatever value there might be in the property above the aggregate amount of the incumbrances assumed by her, the money advanced by her for the purpose of effecting settlement with the attaching creditors, and the sum due to the wife from the husband on a certain promissory note held by her against him. Under these circumstances the excess in value of the property conveyed to the wife over the amount due to her and advanced, including the incumbrances assumed, may be subjected to the claims of the intervener as judgment creditor of the husband. *Stamy v. Laning,* 58 Iowa, 662. The total of incumbrances assumed, money advanced, and indebtedness satisfied was,

according to the statement of the wife herself, a little over $5,400. The value of the farm is reasonably fixed by the testimony to have been $40 per acre, or $6,400. If the evidence showed a *bona fide* sale to the wife on a reasonable agreement with .reference to the actual value of the farm, it may be that this discrepancy would not be sufficient to show that the conveyance was voluntary. But the amount to be advanced by the wife seems to have been determined rather by how much it was necessary to raise to effect a settlement with the attaching creditors than by any mutual agreement as to what the farm was worth. It is contended, however, in behalf of Mrs. Flack that intervener's judgments rendered in Dallas county were not liens on the farm, which was situated in Boone county, no transcripts of such judgments having been filed in the latter county, and that, therefore, intervener is not entitled to equitable relief; and the language of this court in *Mickel v. Walraven,* 92 Iowa, 423, is cited in support of this contention. It is said in that case (page 428, 92 Iowa) that, before the judgment creditor can institute his action to subject land conveyed by the debtor to a third person in fraud of creditors to the payment of a creditor's judgment, he must have a "lien upon it either by attachment or judgment;" but the cases cited in support of this proposition are those which assert the general doctrine that the creditor seeking to attack a fraudulent conveyance must have reduced his claim to judgment, or levied an attachment on the property. None of the cases hold that the judgment must have become a lien upon the specific property by being filed in the county where the property is situated, and the case in which this language was used was not one involving any such question. It has, indeed, been held that the creditor must reduce his claim to judgment in this state, and cannot base his action for equitable relief on a foreign judgment. *Buchanan v. Marsh,* 17 Iowa, 494. But it is not held that the judg-cited that the judgment in this state which will entitle the

creditor to equitable relief must constitute a specific lien on the property which he seeks to subject to his judgment. This is well settled in the case of personal property, as to which it is held that it is sufficient to show by return of execution *nulla bona,* or in any other manner, that the judgment cannot be satisfied by ordinary legal remedies. *Postlewait v. Howes,* 3 Iowa, 365. It has never been held that the judgment must have become a specific lien on personal property by levy of execution thereon before the creditor can resort to his equitable relief. Indeed, in the case last cited it was said that the dormancy of the creditor's judgment so that execution could not be issued thereon would not defeat the right to relief. We are aware that it has been decided in other jurisdictions that the creditors, before proceeding by bill in equity to subject real property, must have obtained a specific lien on such property; that is, must have proceeded at law as far as practicable to reach the identical property. *Gilbert v. Stockman,* 81 Wis. 602 (51 N. W. Rep. 1076, 52 N. W. Rep. 1045, 29 Am. St. Rep. 922); *Dana v. Haskell,* 41 Me. 25; *Barnes v. Beighly,* 9 Colo. 475 (12 Pac. Rep. 906); *Mullen v. Hewitt,* 103 Mo. 639 (15 S. W. Rep. 924). The case last cited is directly contrary to the holding of this court in *Postlewait v. Howes, supra,* with reference to the sufficiency of a dormant judgment. We fail to see how the filing of transcripts of intervener's judgments in Boone county after the conveyance of the farm to Mrs. Flack would have tended in any way to the enforcement of such judgments against the land. Executions could not have issued on such transcripts in Boone county, but must have proceeded, if at all, from Dallas county, where the judgments were rendered. If issuance of execution is unnecessary— as is the settled doctrine in this state—then certainly the useless formality of filing transcripts in Boone county ought not to be required. This case differs from that of *Peterson v. Gittings,* 107 Iowa, 306, in which it was held that a superior court judgment would not support a proceeding to

subject the debtor's real property. An execution based upon such judgment cannot be levied on real property. The judgment must be filed in the office of the clerk of the district court, and execution must issue from that court in order to reach such property. As we understand the rule announced by our decisions and supported by the weight of authority elsewhere, it is sufficient, in order to warrant an equitable proceeding to subject real property, that the creditor shall have established the legal validity of his claim by judgment which would support an execution against such property, and have shown that further proceedings at law to enforce the same would be useless. It is unnecessary to cite the cases from other states showing the conflict of authorities on this question. The doctrine of *Taylor v. Branscombe,* 74 Iowa, 534, by which an attaching creditor is allowed to proceed in equity against land seized under his attachment without having recovered judgment was announced, not as a limitation, but as an extension, of the general rule.

We therefore hold that intervener may proceed to enforce his judgments against the farm conveyed by H. C. Flack to his wife to the extent to which the value of the farm exceeds the valid claims of the wife based on incumbrances assumed, money advanced, and valid indebtedness held by her against her husband at the time of such conveyance, and intended to be satisfied thereby. —REVERSED.