F. M. GROVES v. L. E. STEEL AND W. A. STEEL, Appellants.

Deed as Mortgage:   RIGHTS OF OTHER CREDITORS:   *Accounting.*
Where an absolute conveyance by a debtor to a creditor is intended in good faith by way of security, and is not absolutely void for fraudulent intent to defeat other creditors, the other creditors may have the property so conveyed and still in the hands of the grantee sold and the proceeds, after accounting, applied to pay what is still due grantee, and then to the payment of the other creditors.

*Appeal from Marion District Court.*—HON. J. D. GAMBLE, Judge.

THURSDAY, APRIL 10, 1902.

ACTION by plaintiff, as judgment creditor of defendant W. A. Steel, to set aside a conveyance from said defendant to L. E. Steel, his wife, who is also a defendant in this case, and to subject the property so conveyed to the satisfaction of plaintiff's judgment.   There was a decree for plaintiff, from which defendants appeal.—*Affirmed.*

*A. L. Steel* for appell..nts.

*Hayes & Amos* for appellee.

McCLAIN, J.—The property conveyed consisted of a stone quarry, operated under a lease, with shops, tools, etc., necessary in carrying on such stone quarry on an extensive scale, and also a stone crusher.   There was other personal property not necessary to describe, in the main constituting the outfit and material involved in the general

business of quarrying and selling stone. The wife claims that the conveyance was for a good consideration, consisting of money advanced to her husband, and liability assumed on her part as guarantor of a note given by her husband to a bank. The total amount of the wife's claim against her husband, as asserted by the defendants, was some $2,200, while the lower court found that the property conveyed by the husband to the wife was of the approximate value of $10,000. After conveyance the business was carried on by the husband as manager of a pretended corporation, but really for his wife as owner, and he continued to exercise the same control over the property and its proceeds as before.

It may be conceded that, if the husband owes a *bona fide* indebtedness to the wife, he may sell her property in satisfaction of such indebtedness of substantially equivalent value, and if the transaction is in good faith the creditors cannot complain; or may give her security on his property for such indebtedness, and the transaction will be valid; or may convey to her all his property, with intent thereby to secure his indebtedness to her, and, if the transaction is without any fraudulent purpose to hinder or delay creditors, the wife may thereby become entitled to hold the property as security for her claim, the surplus in value beyond the amount of such claim being subject to the satisfaction of the husband's judgment debts. But the last of these three methods of giving preference to the wife over creditors is open to great suspicion. Whether or not such a transaction is presumptively fraudulent, it will be fraudulent in fact if the intention was to delay or defraud creditors, and if fraudulent in fact it will be void in toto, and will be set aside at the suit of a creditor who is entitled to have the husband's property applied to the payment of his judgment. These propositions are not controverted in this case, and the questions for determination are solely those of fact arising under the evidence. In

this case, instead of giving to his wife a chattel mortgage on the property for the amount of her claim, the husband saw fit to make an absolute transfer to her of all his property. We are satisfied that the value of the property greatly exceeded the amount of the indebtedness to the wife, and therefore that the transfer was not in good faith, by way of a satisfaction of the wife's claim, but that, if valid at all, it was valid only by way of giving her security on the property to the amount of her claim. The lower court found that the conveyance was not absolutely void on account of fraudulent intent to defeat creditors, but that it was intended in good faith, by way of security, and, as plaintiff has not appealed, we need not go into the correctness of that ruling. What plaintiff asks is, in effect, that the value of the property conveyed in excess of the amount of the claim of the wife be applied to the payment of his judgment; and to this relief he is entitled, under the decisions of this court. *Wiltse v. Flack*, 115 Iowa, 51; *Fuller v. Griffith*, 91 Iowa, 632; *Stamy v. Laning*, 58 Iowa, 662; *Keeder v. Murphy*, 43 Iowa, 413.

Plaintiff claims that a considerable part of the property has since the conveyance been converted and disposed of by the wife, and that he is entitled to an accounting from her, and to have the sums of money received by her from the property applied to the satisfaction of her claims against her husband, leaving a correspondingly smaller amount to be deducted from the proceeds of the property still remaining before the application thereof to his claim. Indeed, it is probable under the evidence that the amount thus received by the wife exceeds the amount of her claims, and that they have been thereby fully satisfied. Unfortunately, as it seems to us, the lower court in its decree did not find the facts in such a way as to support a final dec ee, but, having ordered the wife to account for the proceeds of the property coming into her hands, on her failure to do so ordered that,

except in so far as the wife was still liable on the husband's note to the bank for $400, her claim be held fully satisfied and discharged, and directed that the balance of the property be sold for the satisfaction of plaintiff's judgment, except as to the claim of the wife growing out of such note, and that as to this claim, unless the wife satisfied it herself by sale of sufficient personal property within 60 days, the entire property be sold under execution for plaintiff's benefit, reserving a prior lien to the bank on the proceeds to the extent of the amount of such note. We know of no authority for any such decree, and have not had our attention called to decisions of this court that would warrant such an order. We think the case must be remanded to the lower court, with direction that an accounting be had, and that the court find definitely the amount of the husband's indebtedness to the wife, and the amount received by the wife, or the husband as her agent, from the property conveyed; that the entire property remaining be sold under execution, if necessary; and that from the proceeds of such sale any amount due to the wife, not already satisfied by the proceeds of the property received by her, or her husband as her agent, be paid to her; and that the balance be applied, so far as necessary, to the satisfaction of plaintiff's judgment. The case is remanded for further proceedings in accordance with this opinion.—MODIFIED and AFFIRMED.