Crew, C. J.
On January 4, 1909, the relator, James C. Morris, was appointed by Andrew L. Harris then Governor of the State of Ohio, to be a member of the railroad commission of this state for the term of six years, said term to commence on the first Monday in February, 1909, and to terminate on the first Monday of February 1915. On the same day the Senate of Ohio, being then in session, assented to and confirmed said appointment. On the following day — January 5th — Governor Harris issued to said James C. Morris a commission to serve .as a member of said railroad commission for said term of six years commencing on the first Monday in February, 1909. By operation of law the term of office of Andrew L. Harris as Governor of Ohio expired at noon on January 11, 1909, and Judson Harmon then became governor. On January 21, 1909, Governor Harmon appointed the defendant, John Sullivan, to be a member of said railroad commission for and during the same term for *92 which Governor Harris had theretofore named and appointed the relator Morris. Said appointment so made by Governor Harmon was on the 3d day of March, 1909, assented to and confirmed by the senate,' and on March 8, 1909, the defendant Sullivan having received his commission, qualified and entered upon said office of railroad commissioner and has ever since continued to hold the same and to discharge the duties thereof, under and by virtue of said appointment. These facts being admitted, the question here presented is, had Andrew L. Harris as Governor of Ohio, the lawful authority and right to appoint the relator Morris to fill an anticipated vacancy in a public office the term of which could not begin until after his own term of office had expired. It admittedly is the well-established general rule of law that an officer clothed with authority to appoint to a public office, cannot, in the absence of express statutory authority,' make a valid appointment thereto for a term which is not to begin until after the expiration of the term of such appointing officer. Mechem in his work on Public Offices and Officers, at Section 133, states the general rule as follows: “The appointing power cannot forestall the rights and prerogatives of their own successors by appointing successors to office expiring after their power to appoint has itself expired.” The author then quotes with approval the language of Buchanan, J., in Ivy v. Lusk, 11 La. An., 486, where he says: “That an appointment thus made by anticipation has no other basis than expediency and convenience, and can only derive its binding force and effect from the supposition that there *93 will be no change of person, and consequently of will, on the part of the appointing power, between the date of the exercise of that power by anticipation, and that of the necessity for the exercise of such power by the vacancy of the office.” Throop in his.treatise on Public Officers, Section 92, says: “But it has been held that where an office is to be filled by appointment by the governor, with the advice and consent of the senate, the governor and senate cannot forestall their successors, by appointing a person to an office which is then filled by another, whose term will not expire until after the expiration of the terms of the governor and senators. And that an out-going board of freeholders of a county cannot lawfully appoint a person to an office which will not become vacant during their official terms.” The correctness and soundness of the rule and doctrine as above enunciated, so far as investigation has disclosed to us, is not opposed by any of the authorities, but is supported by many, among which are, State, ex rel. Bownes, v. Meehan, 45 N. J. L., 189; The People, ex rel. Sweet, v. Ward, 107 Cal., 236; Ivy v. Lusk, 11 La. An., 486. But counsel for relator, while conceding' the general rule to be as above stated, nevertheless, contend in the present case, that the appointment of the relator made by Governor Harris on January 4, 1909, was a valid exercise of the appointing power because expressly authorized by statute. Whether, as claimed, said appointment was so authorized, must be determined according to the interpretation and effect proper to be given the provisions of Section 1 of the act of the General Assembly of the State *94 of Ohio, passed April 2, 1906 (98 O. L., 342, Section 244-11, Revised Statutes). Said section so far as its language is material or pertinent to the present inquiry reads as follows: “A railroad commission is hereby created to be composed of three commissioners. Within sixty days after the passage of this act the governor shall, by and with the advice and consent of the senate, appoint such commissioners, but no commissioner so appointed shall be qualified to act until so confirmed, unless appointed during the adjournment of said senate. The term of one such appointee shall terminate on the first Monday in February, 1909; the term of the second such appointee shall terminate on the first Monday in February, 1911; and the term of the third such appointee shall terminate on the first Monday in February, 1913. In January, 1909, and biennially thereafter, there shall be appointed and confirmed, in the same manner, one commissioner for the term of six years from the first Monday in February of such year. Each commissioner so appointed shall hold his office until his successor is appointed and qualified. Any vacancy shall be filled by appointment by the governor for the unexpired term, subject to confirmation of the senate, but any such appointment shall be in full force until acted upon by the senate.” It will be observed that while' the above- section provides that the original appointments to be made by the governor thereunder are to be made within sixty days after the passage of the act, the only provision or requirement as to subsequent appointments is, that in January, 1909, and biennially thereafter, -the governor shall appoint one com *95 missioner for the term of six years, the term of such appointee to commence on the first Monday of February following said appointment. In other words, the legislature by way of fixing the time when such subsequent appointments should be made, enacted and required, only, that they should be'made biennially during the month of January. If the statute had been wholly silent as to the time such future appointments were to be made, then admittedly, Governor Harris, because of the rule above stated, would have been without lawful authority or right to appoint relator to an office the term of which could not begin until after his own term as governor had expired. Can it be affirmed, then, upon a consideration of this statute, that the necessary effect of the provision requiring appointments to be made in January, is to abrogate the well-established rule of the common law which forbids a prospective appointment to an office not to become vacant until the expiration of the term of the appointing officer; or, that it was the purpose and intent of the legislature in thus fixing the time when appointments should be made, to thereby so modify and alter the rule of the common law, as to authorize and empower an out-going governor “to forestall the rights and prerogatives of his own successor, by appointing a successor to an office expiring after his power to appoint had itself expired?” The established canons of construction forbid such interpretation, unless the plain language of the statute imperatively requires it. The statute must be read and construed in the light of the common law in force at the time of its enactment, and the *96 legislature will not be presumed or held to nave intended the repeal or modification of a well settled rule of the common law then in force, unless the language employed by it clearly imports such intention. No such language is found in this statute, hence no such legislative intent is shown or can be presumed. Peterson v. Gittings, 107 Ia., 306; Johnson v. Fluetsch, 176 Mo., 452; Edwards, Admr., v. Gaulding, 38 Miss., 118; Keech v. Balto. & Wash. R. R. Co., 17 Md., 32; Lewis’ Sutherland Statutory Construction, Section 454; 1 Kent’s Commentaries, bottom paging 551; Maxwell on Statutes, pp. 121 and 122; Dwarris on Statutes, 185; 26 Am. & Eng. Ency. Law (2 ed.), 662. The record in this case affirmatively discloses that at the time Governor Harris appointed relator to be a member of the Railroad Commission of Ohio, no present necessity then existed for the making of such appointment. The appointment so made by him on January 4, 1909, was not made to fill an existing vacancy, but a vacancy to arise during the term of his successor, and after his own power to appoint thereto had, by operation of law, expired. This statute, although requiring such executive appointments to be made in January, neither in express terms nor by necessary implication from the language therein employed, imposes or enjoins upon the out-going governor the duty of making such appointment. Hence, the rule of the common law which positively forbids his making the same, is not changed or affected by the statute, but continues and remains in ftill force and effect and must therefore control and govern. The case of State, ex rel. *97 Lueders, v. Ermston, 14 O. C. C., 614, affirmed by this court in 57 Ohio St., 665, “on the grounds stated by the circuit court,” is cited by counsel for relator as sustaining their contention in the present case. The statute before the court for construction in that case was, in its terms and essential requirements, materially different from the statute here under review, and the reasoning and opinion of the court in that case so far from being opposed to the conclusion reached by us in the present case, is, we think, in entire accord and harmony therewith. The syllabus in that case is as follows: “When authority is given to an officer to make an appointment, such officer cannot make an appointment the term of which is to begin after the expiration of his term. But when the statute expressly provides that the appointment shall be made on a certain day, or as soon thereafter as practicable, the appointment may be made notwithstanding that the term of such appointee would commence after the expiration of the term of the appointing officer.” In the present case, for the reasons hereinbefore stated, we are of opinion that the facts pleaded in defendant’s answer sufficiently show that the appointment of relator to be a member of the Railroad Commission of Ohio was without right or authority of law, and the demurrer to said answer will be overruled, and the petition of relator dismissed.

Demurrer to answer overruled and petition dismissed.

Summers, Spear, Davis, Shauck and Price, JJ., concur.